**Victor APODACA, Jr., Appellant,**

v.

**Sheriff Ray MONTES et al., Appellees.**

**No. 7029.**

Court of Civil Appeals of Texas, El Paso.

Oct. 1, 1980.

Rehearing Denied Oct. 22, 1980.

Joseph (Sib) Abraham, Jr., Charles Louis Roberts, Scott E. Segall, El Paso, for appellant.

George N. Rodriguez, Jr., County Atty., Peter L. Bright, Asst. County Atty., El Paso, for appellees.

## OPINION

OSBORN, Justice.

Victor Apodaca, Jr., appeals from the trial Court's order dissolving a temporary injunction and refusing to enter a permanent injunction which had been sought in order to enjoin Sheriff Ray Montes and the El Paso County Bail Bond Board from delivering to the El Paso Times and its reporter, John Stark, personal financial records which were filed with the Board as required by Article 2372p–3, Tex.Rev.Civ.Stat.Ann. (Supp. 1980). We affirm.

Pursuant to Section 6(a) of Article 2372p–3, Tex.Rev.Civ.Stat.Ann. (Supp. 1980), Victor Apodaca, Jr., filed an application with the County Bail Bond Board for a license to act as a bondsman. The application included a list of non–exempt properties owned by the applicant and a personal financial statement, all as required by the Act. On December 21, 1979, Mr. John Stark, a reporter for the El Paso Times, made a written request for "financial statements submitted by El Paso County bail bond companies." A second request was submitted on February 1, 1980.

On February 13, 1980, the Board passed a motion finding that the requested financial statements did not fall within any exception to disclosure under the Texas Open Records Act, Article 6252–17a, Tex.Rev.Civ. Stat.Ann. (Supp. 1980), and that the statements should be made public. But, on the preceding day, Mr. Apodaca had obtained a temporary restraining order to prevent the disclosure of his financial records. On February 22, 1980, a temporary injunction was issued, but it was dissolved upon final hearing and this appeal is from that order.

The first point of error asserts that the personal financial statement is protected under a right of privacy by the laws of this State and the Constitution of the United States. In considering this point, we first note that the Act creating the County Bail Bond Board, Article 2372p–3, Tex.Rev. Civ.Stat.Ann. (Supp. 1980), provides in Section 1 that "[t]he business of executing bail bonds is declared to be a business affecting the public interest." We also note that the Open Records Act does provide in Section 3(a)(2) an exception against the "invasion of personal privacy" as to "information in personnel files," but that exception has no application in this case.

■ The leading case in this State on application of the provisions of the Open Records Act is *Industrial Foundation of the South v. Texas Industrial Accident Board*, 540 S.W.2d 668 (Tex.1976). In that case, the Foundation sought information on all claims filed with the Board including the name of each claimant and the nature of the injury. The Court considered a contention that the requested information was protected from disclosure by a constitutional right of privacy. The Court said the right of privacy was limited to "intimate personal relationships or activities" such as marriage, child bearing or child rearing and education. It was concluded that the information sought in that case did not come within a zone of privacy protected by the constitution. In reaching that result, the Court said:

> Even though a workman's knowledge that information concerning his claim will be available for public inspection may deter him from exercising his statutory right to file a claim, the general availability of such information would not adversely affect any right thus far recognized to be within a constitutionally protected zone of privacy.

Likewise, in this case, such disclosure may deter persons from seeking a bail bond license and having to disclose their personal financial statement, but such disclosure would not adversely affect any right of privacy. Point of Error Number One is overruled.

■ The next point asserts error because the release of the financial statement would give advantage to competitors. This contention is based upon the exceptions set forth in Section 3(a)(4) of Article 6252–17a, Tex.Rev.Civ.Stat.Ann. (Supp. 1980), which excludes the disclosure of "information which, if released, would give advantage to competitors or bidders" and Section 3(a)(10) which excludes disclosure of "trade secrets and commercial or financial information obtained from a person and privileged or confidential by statute or judicial decision."

The Appellant relies upon the holding in *National Parks and Conservation Associa-*

*tion v. Morton*, 498 F.2d 765 (D.C.Cir.1974). In that case, the Court was interpreting an exception to the Freedom of Information Act which in 5 U.S.C.A. sec. 552(b)(4) excludes disclosure of "trade secrets and commercial or financial information obtained from a person and privileged or confidential." The Court said:

> To summarize, commercial or financial matter is 'confidential' for purposes of the exemption if disclosure of the information is likely to either of the following effects: (1) to impair the Government's ability to obtain necessary information in the future; or (2) to cause substantial harm to the competitive position of the person from whom the information was obtained [footnote omitted].

Quite clearly, the disclosure of financial statements by applicants for a bail bond permit will not impair the State's ability to obtain such information in the future, because the statements are required to be filed and this is not information provided on a voluntary basis. While Appellant contends the disclosure will harm his competitive position, the trial Court did not make such a finding. In order to obtain the relief sought, the burden was on Appellant to obtain findings which would support his claim of an exception under the statute. There being no express findings of fact on this issue, it may be assumed the trial Court did not make any findings contrary to its judgment. In this case, we assume the trial Court failed to find "substantial harm" to Appellant's "competitive position" and we cannot say that such requirements were established as a matter of law. Thus, we conclude that error has not been established. In this connection, we note that the Board would be required to disclose the financial statements of all those licensed by it, not just the Appellant, and all are treated equally and no advantage is obtained by the disclosure of a statement of one licensee and not others who compete in the same business.

■ We also conclude no harm has been shown because the evidence does not establish that Appellant has, because of his fi-

nancial condition, been unable to qualify to write bonds in the county. Nor has a showing been made nor a finding obtained that the adverse effects from the disclosure will result in such a disqualification after the statement is disclosed. Thus, it seems that the trial Court quite properly refused to find substantial harm and appropriately dissolved the temporary injunction. Point of Error Number Two is overruled.

The last point of error asserts error in denying a permanent injunction because the personal financial statement is confidential. The first exception in the Texas Open Records Act, Section 3(a)(1) of Article 6252–17a, Tex.Rev.Civ.Stat.Ann. (Supp. 1980), prohibits disclosure of "information being confidential by law, either Constitutional, statutory, or by judicial decision." A claim of confidentiality was rejected in *Industrial Foundation of the South v. Texas Industrial Accident Board,* supra. In reaching that result, the Court recognized an exception under Section 3(a)(1) "if (1) the information contains highly intimate or embarrassing facts the publication of which would be highly objectionable to a reasonable person, and (2) the information is not of legitimate concern to the public." The Appellant did not obtain findings to meet these requirements for an exception. Again, we believe the trial Court properly refused to make such findings, particularly with regard to the second requirement because the legislature has declared that the business of executing bail bonds is affected with a public interest. Point of Error Number Three is overruled.

The judgment of the trial Court dissolving the temporary injunction and denying a permanent injunction is affirmed. The trial Court's order staying the effect of its order is set aside after a period of 15 days from the date of this opinion and, if a motion for rehearing is timely filed, the stay order shall not terminate until 15 days after the determination of the motion for rehearing, or for such period as the Court may then order it be continued.