The Honorable Ron Fuller State Representative #18 Corporate Hill Drive, Suite 201 Little Rock, AR 72205
Dear Representative Fuller:
You have requested an opinion regarding the Arkansas Freedom of Information Act, the same being Ark. Stat. Ann. Sec. 12-2801 et seq. Specifically, you wish to know if the county tax assessment records of a business qualify for the "competitive advantage" exemption found in the Freedom of Information Act.
The answer to your question cannot be answered with a simple yes or no. Ark. Stat. Ann. Sec. 12-2804 provides in pertinent part:
 It is the specific intent of this Section that the following shall not be deemed to be made public under the provisions of this Act: . . . files which, if disclosed, would give advantage to competitors or bidders; . . .
I do not believe the above exemption to be a broad one that exempts the tax assessments of all businesses, but rather the determination of proprietary interest should be made on a case by case basis. This is based on the Arkansas Supreme Court's doctrine of liberal interpretation of the Freedom of Information Act. Laman v. McCord, 245 Ark. 401 (1968).
Every business has its unique characteristics which, if revealed, may or may not give advantage to a competitor. It would be contrary to Laman to say that releasing the assessment records of every business would in some way advance the market position of a competitor without first reviewing the specific information contained in each record.
The responsibility of reviewing this information falls on the custodian of the record, but he in turn must rely on information supplied by the business in determining the nature of the information. No Arkansas court has ever considered this issue, so one must turn to other sources for guidance in determining whether the competitive advantage exemption can be claimed.
Of the states that have similar Freedom of Information Act exemptions, only Texas' law has been interpreted judicially. There the Texas Supreme Court determined that a plaintiff was burdened with proving that he qualified for the competitive advantage exemption. In Apodaca v. Montes et al, 606 S.W.2d 734
(1980), the Texas Court adopted the federal standard that the disclosure of proprietary information must cause substantial harm to the competitive position of the person before qualifying for the exemption from public disclosure.
I believe Apodaca to be consistent with our state Supreme Court's decisions regarding the Freedom of Information Act, as well as the Court's willingness to adopt precedents from other jurisdictions in cases involving laws similar to Arkansas'. Smithey v. State, 269 Ark. 538 (1980).
In sum, it is my opinion that the tax assessments of businesses may or may not qualify for the "competitive advantage" exemption of the Freedom of Information Act. The determination of the applicability must be made on a case by case basis.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.