CITY OF SAN ANTONIO, Appellant,

v.

District Chiefs Michael RANKIN and Neal Nye of the Fire Department of the City of San Antonio, Appellees.

No. 04–95–00385–CV.

Court of Appeals of Texas, San Antonio.

Aug. 23, 1995.

Paula Dlugosz, William W. Morris, Alberto J. Pena, Assistant City Attorney, San Antonio, for appellant.

J. Patrick Wiseman, Wiseman, Durst, Tuddenham & Owen, Austin, for appellee.

Before RICKHOFF, LOPEZ, and STONE, JJ.

LOPEZ, Justice.

This is an accelerated appeal of an order granting a temporary injunction. Appellees, plaintiffs below, are district fire chiefs for the City of San Antonio and, as such, are civil service employees.[1] The new amendments to the City's Ethics Ordinance require them to file annual financial disclosure statements and annual financial involvement records with the City Clerk. *See* San Antonio, Tex., Ordinance 80329 (as amended by Ord. 81020 of Oct. 20, 1994). The data requested includes disclosures by the plaintiffs' spouses as well. Failure to file timely complete documents subjects them to disciplinary action. The ordinance provides that the City enforce noncompliance by filing a complaint in municipal court. Violation of the Ethics Ordinance is a Class C misdemeanor.

The district chiefs complain that their position is not one that is readily subject to potential conflicts of interest with private contractors. These chiefs are responsible for managing the response to a fire, not for negotiating contracts with private interests. They object to the City's requirement of disclosure "across the board" when it serves no purpose in their case. They are 20–year veterans with the fire department. This type of disclosure has never been a condition of employment for them. They testified that disclosure could make it easier for them and their families to become targets for reprisals by disgruntled employees. One of appellees is a member of the union negotiation team and opined that if the negotiators for the City can review his personal finances, he is in a weakened bargaining position.

Appellees received a memo from the Fire Chief which instructed them to complete the financial disclosure forms, have them notarized, and returned to his office by a stated deadline. Rather than wait for the Fire Chief to take disciplinary action against them for failure to comply with this directive, they filed suit for declaratory and injunctive relief. The trial court heard evidence and argument and granted a temporary injunction which ordered the City to desist and refrain from requiring the appellees to file the financial disclosure forms or otherwise face internal discipline and/or prosecution under the ordinance pending a trial on the merits.

### Jurisdiction

▪ Our first concern is whether the trial court had jurisdiction to hear this matter. In *State v. Morales,* Justice Cornyn lists four types of cases in which a party might seek relief from an equity court based on the alleged unconstitutionality of a criminal statute:

(1) the statute is enforced and the party is being prosecuted,

(2) the statute is enforced and the threat of prosecution is imminent, although the party has yet to be prosecuted,

(3) there is no actual or threatened enforcement of the statute and the party does not seek an injunction against its enforcement, but the statute is nonetheless integrally related to conduct subject to the court's equity jurisdiction,

(4) there is no actual or threatened enforcement of the statute and no complaint of specific conduct remediable by injunction.

---

1. *See* Tex.Loc. Gov't Code § 143.003(4) (Vernon's 1988). The City filed a motion to dismiss several of the other plaintiff-district chiefs who complied with the disclosure filings prior to the injunction hearing. Those in compliance are not a part of this appeal.

*State v. Morales,* 869 S.W.2d 941, 944–45 (Tex.1994). As a general rule, courts of equity do not have jurisdiction to interfere with the ordinary enforcement of a criminal statute. *Passel v. Fort Worth Ind. Sch. Dist.,* 440 S.W.2d 61, 63 (Tex.1969). Scenarios one and two will not offer jurisdiction in equity unless a vested property right is in jeopardy. *Id.*

The third scenario was presented under the facts of *Passel,* and under those limited circumstances, i.e, injunctive relief was sought solely to prevent administrative enforcement of an administrative regulation adopted for the purpose of implementing the statute, equitable jurisdiction was potentially available to protect *personal* as well as property rights. *Id.* at 64. We are cautioned by the *Morales* decision, however, "that a *personal* right can [not] be uniformly substituted for a *property* right and thereby expand civil jurisdiction to cover criminal statutes." *Morales,* 869 S.W.2d at 946.

In *Morales,* plaintiffs challenged the constitutionality of the sodomy statute, which the Attorney General contended had not been nor would likely be enforced against the plaintiffs. Plaintiffs claimed that the very existence of the statute stigmatized them as criminals by the very fact that they were homosexuals. They further alleged damage to career and employment opportunities and that the statute encouraged the commission of hate crimes. *Id.* at 943. The *Morales* case illustrates the fourth scenario, and the Supreme Court determined that the civil trial court did not have jurisdiction to grant a temporary injunction against the enforcement of the criminal statute on the ground it was unconstitutional.

The *Morales* plaintiffs were unable to show any specific instance of injury to their careers, thus, there was no specific equitable relief required. The court noted: "Further, as the irreparable harm to property rights must flow from attempted *enforcement* of the statute, the plaintiffs cannot simultaneously urge the mutually exclusive contentions that [the statute] is not enforced and that the enforcement of [the statute] affects their employment opportunities." *Id.* at 943 n. 6. The majority refused to create an exception where there was a history of nonenforcement. *Id.* at 948. An "adequate" remedy at law resided in the criminal courts.

So, the arguments on jurisdiction in our case tend to place the financial disclosure ordinance in either the third or fourth scenarios. Appellant argues that this is a *Morales* situation since there is no evidence of enforcement and no evidence of a vested property right. They cite *Apodaca v. Montes,* 606 S.W.2d 734 (Tex.App.—El Paso 1980, no writ), which held that disclosure of personal financial records filed with the county bail bond board did not violate the bondsman's constitutional right to privacy. That case demonstrates that where the disclosure is required to promote a public interest, the invasion of privacy does not rise to a constitutional level. *Id.* at 737. The City further argues that appellees have an adequate remedy at law because they can challenge the constitutionality of the ordinance in municipal court if they are prosecuted for violating it.

On the other hand, appellees argue that this is a *Passel* scenario because this is a noncriminal application of a criminal statute. Application of the ordinance is interfering with their constitutional right to privacy. Like *Passel,* they seek relief to prevent administrative enforcement of an administrative regulation adopted for the purpose of implementing the statute. That "regulation" is in the form of a one sentence memo from the fire chief directing those in appellees' position to fill out and return the disclosure forms by a stated deadline. They anticipate being disciplined or demoted because they have refused to comply with the order. The lack of enforcement was due to the City's agreement not to take action against appellees until after the temporary injunction hearing.

Appellees also claim vested property interests in their positions under civil service statutes, *see Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 538, 105 S.Ct. 1487, 1491, 84 L.Ed.2d 494 (1985) (vested privacy interest exists where employee may not be removed from position absent misfeasance, malfeasance or nonfeasance in office), and under Tex.Local Gov't Code § 143.089

which protects firemen's personnel files from public disclosure. They claim the ordinance is impermissibly broad because it seeks disclosure from plaintiffs who are allegedly not in a position of likely conflict with the ethics code while it ignores other positions where the potential for conflict of interest is much greater.

We agree that the trial court did have jurisdiction, in that this is a *Passel* situation. In seeking a temporary injunction, the district chiefs are challenging anticipated administrative enforcement of the interdepartmental memo which they have characterized as a "direct order from the Fire Chief."

### The Standard of Review

█ The merits of the movant's case are not under consideration when the appeal is interlocutory. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 51.014(4) (Vernon Supp.1995); *Davis v. Huey,* 571 S.W.2d 859, 861 (Tex.1978). Our review is strictly limited to whether the trial court has clearly abused its discretion. *Davis,* 571 S.W.2d at 861–62. We may not substitute our judgment for that of the trial court; rather, we consider whether the trial court's action was so arbitrary that it exceeds the bounds of reasonable discretion. *Id.* at 862. The trial court abuses its discretion when it misapplies the law to "the established facts or when the evidence does not reasonably support the conclusion that the applicant has a probable right of recovery." *State v. Southwestern Bell Tel. Co.,* 526 S.W.2d 526, 528 (Tex.1975). When reviewing an order granting or denying a temporary injunction, we must draw all legitimate inferences from the evidence in a manner most favorable to the trial court's judgment. *Miller v. K and M Partnership,* 770 S.W.2d 84, 87 (Tex.App.—Houston [1st Dist.] 1989, no writ). There is no abuse of discretion where the evidence tends to sustain the cause of action as alleged. *Southwestern Bell Tel. Co.,* 526 S.W.2d at 528.

### Temporary Injunctive Relief

█ To qualify for temporary injunctive relief, a movant must show a probable right of recovery; that imminent, irreparable harm will occur in the interim if the request is denied; and that no adequate remedy at law exists. *See generally* W. Wendell Hall, *Revisiting Standards of Review in Civil Appeals,* 24 ST. MARY'S L.J. 1041, 1066 (1993). Appellant claims the court abused its discretion by applying the law to mere conjectures instead of facts and that the evidence does not support a finding of irreparable harm.

Chief Nye testified the ordinance requires his family to disclose their personal finances. The family is not subject to discipline by the fire chief for failure to comply and they will have no way of testing their right to privacy in municipal court. Enforcement or discipline flows through Chief Nye instead. Under cross-examination, Chief Nye stated that although some of the information required on the disclosure form is already public record, i.e., his salary, real estate owned, he objects to collecting this information in one place to inadvertently accommodate someone who wants to hurt him.

Chief Rankin testified that the requirement that he file his financial disclosure form with the City Clerk violates a state statute that requires his personal residence, etc. to be kept confidential. He fears injury because he often detains suspected arsonists until the arson squad arrives. He does not want to make it easier for such people to come after him later. His objection to disclosure is that his spouse works for a corporation that has no dealings with the City and she doesn't want to disclose this. He reads the memo from the Fire Chief as a direct order to disclose private finances. Violating a direct order engenders serious consequences. Disciplinary action is certain to follow. He filed suit because he wanted to avoid putting himself up for automatic discipline before he could defend his rights. He was not told directly that he would suffer discipline for noncompliance but he knows that from experience.

The position of district fire chief is one largely responsible for the supervision of fire fighters. It is a civil service position. District chiefs are not in daily contact with the public or with vendors. Appellees argue that the ordinance would be more rationally related to its intended purpose if it required him to complete the form if he had any business

dealings with the City or with a vendor of the City. Both witnesses see the need for the ordinance, nevertheless, they think they should be exempt from the disclosure provisions when they do not do any business with the City and have no personal dealings with any city vendors. Rather, the need for disclosure should be tied to job function rather than arbitrarily tied to the top two positions in the fire department.

■ The applicants for temporary injunctive relief are not required to establish that they will prevail at trial on the merits. To be entitled to the writ when the only relief sought on final trial is injunctive, the applicant must show a probable right on final hearing to a permanent injunction. *Sun Oil Company v. Whitaker*, 424 S.W.2d 216, 218 (Tex.1968). We are cognizant that the City has not yet presented its case on the merits. Given the limited scope of review at this stage in the litigation, we find the evidence presented to be sufficient to establish a probable right. Given the broad discretion conferred upon the trial court in equity matters, we do not find an abuse of discretion in this record.

### The Status Quo

■ The critical question before the trial court in a temporary injunction hearing is whether the applicants are entitled to preservation of the status quo of the subject matter of the suit pending trial on the merits. *See Iranian Muslim Organization v. City of San Antonio*, 615 S.W.2d 202, 208 (Tex.1981); *Ramsey v. Lewis*, 874 S.W.2d 320, 322 (Tex. App.—El Paso 1994, no writ). It seems clear to us that a temporary injunction to protect an alleged privacy right is necessary to maintain the status quo in this case. Once confidential information is filed with the City Clerk under this ordinance, confidentiality of that information cannot later be restored.

The order granting a temporary injunction is affirmed.