# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-06-00638-CV

**Mr. W. Fireworks, Inc., Appellant**

**v.**

**Comal County, Texas, Appellee**

## FROM THE DISTRICT COURT OF COMAL COUNTY, 274TH JUDICIAL DISTRICT NO. C2005-1400C, HONORABLE MICHAEL J. MCCORMICK, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Mr. W. Fireworks, Inc. ("Mr. W") brings this appeal from a summary judgment granted in favor of Comal County. Mr. W filed suit against Comal County after County Judge Jan Kennady issued a Declaration of Disaster for the county and an Executive Order banning the sale, dispensing, transportation, and use of explosives and combustible materials, including fireworks, in the county. Mr. W, a business selling fireworks at stands throughout Comal County, initially sought injunctive relief, which was denied by the trial court. Mr. W then sought declaratory relief on a number of claims related to the ban.

Because Mr. W's ultra vires claims are barred by sovereign immunity, we dismiss the claims for want of jurisdiction. Because Mr. W did not name the correct governmental entities in its claims challenging the constitutionality of the Texas Disaster Act and an executive order issued by the Governor, we also dismiss those claims for want of jurisdiction. In addition, we also dismiss Mr. W's claims challenging the constitutionality of Comal County's Executive Order for want of

jurisdiction because the order was a penal ordinance. Finally, because Mr. W waived its arguments regarding the constitutionality of Comal County's Emergency Management Plan, we affirm the trial court's judgment with respect to those claims.

## BACKGROUND

In 2004, the Governor issued an executive order ("the Governor's Order") establishing an Emergency Management Council to assist the Governor in the event of a disaster. The Governor's Order relied on authority granted in the Texas Disaster Act ("the Act") and was based on "a need for a coordinated effort to protect the people and the infrastructure of Texas and to respond to man-made or natural disasters that may occur." *See* Tex. Gov't Code Ann. §§ 418.001-.183 (West 2005 & Supp. 2009). The Governor's Order also recommended that cities, counties, and other political subdivisions create appropriate emergency management programs and assist and cooperate with programs developed at the state level. In addition, the Governor's Order directed that mayors and county judges be designated as "Emergency Management Directors" who would "serve as the Governor's designated agents in the administration and supervision of the Act" and "exercise the powers, on an appropriate local scale, granted the Governor [in the Act]."

In December 2005, the Governor issued a proclamation that more than two-hundred counties were threatened by a high or extreme fire hazard due to the existence of drought conditions across the state. In the proclamation, the Governor called for all necessary measures authorized by statute to be implemented to meet the disaster. On December 30, 2005, Comal County Judge Jan Kennady received a letter from the Comal County fire marshal, informing her of an "imminent threat of wildfire due to drought conditions and no anticipated rainfall in the forecast." In the letter, the

2

fire marshal also informed Judge Kennady of a wildfire that occurred in Comal and Guadalupe Counties six days earlier, burning approximately 1,000 acres of land. Judge Kennady also received a phone call from a person at the Texas Fire Service advising her of the "dire conditions" related to the drought. Judge Kennady called the Governor's office and spoke with the Governor's press secretary, who sent Judge Kennady an email advising her that she could declare a local state of disaster and restrict the sale and transportation of fireworks within the county.

As a result of the incoming information, Judge Kennady issued a "Declaration of Disaster for Comal County," proclaiming a local state of disaster pursuant to section 418.108(a) of the Act.[1] Among other things, the declaration activated the Comal County Emergency Management Plan ("the County Plan"), which outlined Comal County's approach to emergency operations. Judge Kennady also issued an "Executive Order Regarding Restricted Use of Combustible Materials" ("the County Order"). The County Order provided that:

1.  The sale, dispensing, or transportation of explosives or combustible materials, including but not limited to any type of fireworks or other pyrotechnic material is prohibited if the manner or means of its intended and designed use is capable of causing a wildfire . . .

2.  The use of any explosives or combustible materials, including but not limited to any type of fireworks or other pyrotechnic material in an outdoor environment by any person is prohibited if the manner or means of its intended and designed use is capable of causing a wildfire . . .

---

[1] Section 418.108(a) states that "[t]he presiding officer of the governing body of a political subdivision may declare a local state of disaster." *See* Tex. Gov't Code Ann. § 418.108(a) (West Supp. 2009).

Meanwhile, Mr. W had been selling fireworks at its stands in Comal County since December 20, 2005, as authorized by statute for the New Year's season. *See* Tex. Occ. Code Ann. § 2154.202(g)(2) (West Supp. 2009) (permitting retail fireworks permit holders to sell fireworks beginning each year on December 20 and ending at midnight on January 1 of following year). On December 30, 2005, employees at Mr. W's stands were served with copies of the Declaration of Disaster and County Order, prompting Mr. W to immediately cease all sales of fireworks. The next day, Mr. W filed suit against Comal County, seeking a temporary injunction to prevent Comal County from enforcing the fireworks ban.

The same day, the trial court held a hearing on Mr. W's request for a temporary injunction. After considering the evidence presented, the trial court denied the request. On January 5, 2006, the commissioner's court of Comal County issued an order extending the Declaration of Disaster and County Order until the county judge determined that the imminent threat of wildfires no longer existed.[2] Comal County filed a motion for summary judgment, and Mr. W filed a cross-motion for summary judgment. After a hearing on both motions, the trial court granted Comal County's motion and denied Mr. W's cross-motion. This appeal followed.

In September 2007, the parties presented oral argument before this Court. At that time, we requested that the parties submit supplemental briefs on the issue of whether this Court had subject-matter jurisdiction over the case. Both parties submitted supplemental briefs in response to our request. We address each of the threshold jurisdictional issues below, including: (1) whether some of Mr. W's claims are barred by sovereign immunity; (2) whether this suit has been rendered

---

[2] The record does not reflect when the extension was terminated, but both parties agree that it was terminated long before this appeal was filed.

moot; and (3) whether the trial court had jurisdiction over constitutional challenges to the County Order. After dismissing most of the claims, we then turn to the remaining issue on appeal, which involves the constitutionality of the County Plan.

## MR. W'S CLAIMS

In its petition, Mr. W sought several declarations from the trial court that can be broken down into the following seven claims:

(1)     that the County Order exceeds the scope of the Governor's Order and the Act;
(2)     that the Governor's Order exceeds the scope of the Act;
(3)     that the County Plan exceeds the scope of the Act and the Governor's Order;
(4)     that the Act violates the Texas and U.S. Constitutions;
(5)     that the Governor's Order violates the Texas and U.S. Constitutions;
(6)     that the County Order violates the Texas and U.S. Constitutions; and
(7)     that the County Plan violates the Texas and U.S. Constitutions.

We will dismiss the first six of Mr. W's claims based on jurisdictional issues as discussed below. We will address the seventh claim, the only one over which we have jurisdiction, as a final matter.

## JURISDICTIONAL ISSUES

### Standard of Review

Whether a trial court has subject-matter jurisdiction is a question of law that we review de novo.[3]  *See Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226

---

[3] We may raise the issue of jurisdiction on our own motion. *See* Tex. R. App. P. 42.3(a); *Atlas Gulf-Coast Inc. v. Stanford*, 299 S.W.3d 356, 358 (Tex. App.—Houston 2009, no pet.); *Insurance Co. of State of Pa. v. Orosco*, 170 S.W.3d 129, 135 (Tex. App.—San Antonio 2005, no pet.).

(Tex. 2004). In reviewing the jurisdictional issue, we consider the pleadings and, when necessary to resolve the jurisdictional issues raised, relevant evidence submitted by the parties. *See id*. at 226-27.

### *Sovereign Immunity*

In Texas, sovereign immunity deprives a trial court of subject-matter jurisdiction for lawsuits in which the State or certain governmental units have been sued unless the State consents to suit. *See id*. at 224. Because of sovereign immunity principles, plaintiffs must properly plead any claims based on governmental actions to ensure that they bring suit against the appropriate parties. *See* Tex. Civ. Prac. & Rem. Code Ann. § 37.006(b) (West 2008) (municipality must be made party in any proceeding involving validity of municipal ordinance or franchise); *City of El Paso v. Heinrich*, 284 S.W.3d 366, 368-69, 372-73 (Tex. 2009) (in declaratory actions brought to determine plaintiff's rights under statute, plaintiff limited to bringing suit against government officials in official capacity). Here, Mr. W did not properly plead several of its claims—including all of its ultra vires claims and some of its constitutional claims—because it did not bring suit against the proper parties. We explain further below.

### A. Proper Pleading of Ultra Vires Claims

An ultra vires claim is a claim seeking to require state officials to comply with statutory or constitutional provisions. *See Heinrich*, 284 S.W.3d at 372. Such a claim is not barred by sovereign immunity because the claim alleges not that a governmental officer erred in exercising his or her discretion, but rather that the officer acted without legal authority or failed to perform a purely ministerial act. *See id*. Because governmental entities remain immune from suit in

6

declaratory actions brought to determine a plaintiff's rights under a statute, a plaintiff is limited to bringing ultra vires suits against government officials in their official capacity. *See id*. at 368-69, 372-73.

Mr. W raised three claims in its petition that are, in substance, ultra vires claims. Specifically, Mr. W sought declarations that: (1) the County Order exceeded the scope of the Governor's Order and the Act; (2) the Governor's Order exceeded the scope of the Act; and (3) the County Plan exceeded the scope of the Act and the Governor's Order. Based on *Heinrich*, Mr. W should have brought each of the claims against the respective government officials in their official capacity. However, Mr. W brought suit only against Comal County. Thus, the claims are barred by sovereign immunity. We therefore dismiss the claims for want of jurisdiction. *See Texas Dep't of Ins. v. Reconveyance Servs.*, No. 07-0786, 2010 Tex. LEXIS 207, at *5-6 (Tex. March 11, 2010); *Heinrich*, 284 S.W.3d at 368-69, 372-73.

After dismissing Mr. W's ultra vires claims, the following claims remain: (1) that the Act violates the Texas and U.S. Constitutions; (2) that the Governor's Order violates the Texas and U.S. Constitutions; (3) that the County Order violates the Texas and U.S. Constitutions; and (4) that the County Plan violates the Texas and U.S. Constitutions. Like the ultra vires claims, Mr. W was required to bring its constitutional claims against certain specified parties. We address the issue below.

## B. Proper Pleading of Constitutional Claims

Mr. W's remaining claims challenge the constitutionality of the Act, the Governor's Order, the County Order, and the County Plan under the Texas and U.S. Constitutions. For such

7

claims, the Uniform Declaratory Judgments Act requires that the relevant governmental entities be made parties to the suit. *See* Tex. Civ. Prac. & Rem. Code Ann. § 37.006(b) ("In any proceeding that involves the validity of a municipal ordinance or franchise, the municipality must be made a party and is entitled to be heard, and if the statute, ordinance, or franchise is alleged to be unconstitutional, the attorney general of the state must also be served with a copy of the proceeding and is entitled to be heard.")[4]; *Heinrich*, 284 S.W.3d at 373 n.6; *Texas Educ. Agency v. Leeper*, 893 S.W.2d 432, 446 (Tex. 1994) ("The DJA expressly provides that persons may challenge ordinances or statutes, and that governmental entities must be joined or notified. Governmental entities joined as parties may be bound by a court's declaration on their ordinances or statutes. The Act thus contemplates that governmental entities may be—indeed, must be—joined in suits to construe their legislative pronouncements.").

Although Mr. W raised claims seeking declarations that the Act, the Governor's Order, the County Order, and the County Plan violate both the Texas and U.S. Constitutions, it named only Comal County as a defendant. Given Mr. W's failure to make the State or Governor's office parties to this suit, we dismiss Mr. W's claims regarding the constitutionality of the Act and the Governor's Order under the Texas and U.S. Constitutions. *See* Tex. Civ. Prac. & Rem. Code Ann. § 37.006(b); *Heinrich*, 284 S.W.3d at 373 n.6; *Leeper*, 893 S.W.2d at 446. On the other hand, the claims regarding the County Order and the County Plan were correctly brought against Comal County. Thus, only those claims—that the County Order violates the Texas and U.S. Constitutions and that the County Plan violates the Texas and U.S. Constitutions—remain.

---

[4] Mr. W's petition indicates that Mr. W served the attorney general as required.

8

Because the County Order expired some time ago, and because there have since been two legislative amendments to the Act, we must next address whether the two remaining claims have been rendered moot.

*Mootness*

### A. "Capable of Repetition, Yet Evading Review" Exception

Mr. W concedes that the County Order expired long ago, which would normally render this controversy moot. *See In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005) (case becomes moot if controversy ceases to exist between parties at any stage of legal proceedings, including appeal); *Board of Adjustment v. Wende*, 92 S.W.3d 424, 427 (Tex. 2002) (case becomes moot when issues no longer live or parties lack legally cognizable interest in outcome) (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982)). However, Mr. W asserts that this suit falls under the "capable of repetition, yet evading review" exception to the mootness doctrine. To invoke the exception, a plaintiff must prove that: (1) the challenged action was too short in duration to be litigated fully before the action ceased or expired; and (2) a reasonable expectation exists that the same complaining party will be subjected to the same action again. *Williams v. Huff*, 52 S.W.3d 171, 184 (Tex. 2001); *Lakey v. Taylor*, 278 S.W.3d 6, 12 (Tex. App.—Austin 2008, no pet.).

Mr. W satisfies both elements of the exception. It satisfies the first element—that the challenged action was too short in duration to be litigated fully before the action expired—because the New Year's fireworks season lasts for only thirteen days, and the ban was executed on December 30, which was shortly before the season ended on January 1. *See* Tex. Occ. Code

9

Ann. § 2154.202(g)(2) (permitting retail fireworks permit holder to sell fireworks to public beginning each year on December 20 and ending at midnight on January 1 of following year); *Morrow v. Truckload Fireworks, Inc.*, 230 S.W.3d 232, 235 & n.5 (Tex. App.—Eastland 2007, pet. dism'd) (first element of exception met where fireworks season lasted from June 24 through July 4, and ban was executed on June 27). Because the period of time between the execution of the ban and the end of fireworks season was so brief, it was impossible for Mr. W to fully litigate the matter before the controversy became moot. *See Morrow*, 230 S.W.3d at 235.

Comal County concedes that Mr. W may meet the second element of the exception—that a reasonable expectation exists that Mr. W will be subjected to the same action again—because, as Comal County states in its brief, "[Mr. W] is in the business of selling fireworks," and "[c]hances exist that a major disaster drought could again affect Comal County during periods when [Mr. W] would be in the business of selling fireworks." We agree. The president of Mr. W testified in an affidavit that Mr. W was in the business of selling fireworks and that it operated several fireworks stands in Comal County. The Governor's Order and County Plan, both of which Comal County relies on for its authority to issue the fireworks ban in this case, are still in force. In the event of drought conditions in future fireworks seasons, we conclude that there is a reasonable expectation that Comal County will respond to the conditions by issuing a fireworks ban similar to the one in this case and that Mr. W will challenge such a ban again. *See id*. at 235-36. Accordingly, the "capable of repetition, yet evading review" exception applies to this case.

### B. Legislative Amendments

Even conceding the exception's applicability, however, Comal County argues that the case has nevertheless been rendered moot by two legislative amendments to the Act. *See* Act of

June 6, 2007, 80th Leg., R.S., ch. 258, § 17.01, 2007 Tex. Sess. Law. Serv. 367, 393 (West) (codified at Tex. Gov't Code § 418.108(i)); Act of June 15, 2007, 80th Leg., R.S., ch. 865, § 1.02, 2007 Tex. Sess. Law. Serv. 1832, 1833 (West) (codified at Tex. Gov't Code § 418.1015(a)-(c)). The first amendment to the Act broadened a county's ability to restrict fireworks after issuing a declaration of local disaster, stating:

> A declaration under this section may include a restriction that exceeds a restriction authorized by Section 352.051, Local Government Code. A restriction that exceeds a restriction authorized by Section 352.051, Local Government Code, is effective only:
>
> (1)     for 60 hours unless extended by the governor; and
>
> (2)     if the county judge requests the governor to grant an extension of the restriction.

Tex. Gov't Code Ann. § 418.108(i) (West Supp. 2009).

The second amendment clarified the powers granted to the presiding officer of a county government, stating:

> (a)     The presiding officer of the governing body of an incorporated city or a county or the chief administrative officer of a joint board is designated as the emergency management director for the officer's political subdivision.
>
> (b)     An emergency management director serves as the governor's designated agent in the administration and supervision of duties under this chapter. An emergency management director may exercise the powers granted to the governor under this chapter on an appropriate local scale.
>
> (c)     An emergency management director may designate a person to serve as emergency management coordinator. The emergency management coordinator shall serve as an assistant to the emergency management director for emergency management purposes.

Tex. Gov't Code Ann. § 418.1015(a)-(c) (West Supp. 2009).

Comal County contends that the amendments render Mr. W's claims moot because all of Mr. W's claims "center around the notion that [Comal County] lacked the legal authority to issue [the County Order]," and the amendments establish the legality of Comal County's actions. However, only two of Mr. W's arguments are rendered moot by the amendments. In the first affected argument, Mr. W asserted that the County Order exceeded the scope of authority granted under the Act and the Governor's Order because it exceeded the scope of authority granted under section 352.051 of the government code.[5] The argument was rendered moot by the amendment stating that a fireworks restriction can exceed a restriction authorized by section 352.051. *See id*. § 418.108(i). In the second affected argument, Mr. W asserted that the Governor's Order exceeded the authority granted by the Act because the Act did not grant the Governor authority to allow a county to issue orders on his behalf. The argument was rendered moot by the legislative amendment stating that county officers could exercise the powers granted to the Governor under the Act. *See id*. § 418.1015(b).

Although two of Mr. W's arguments have been rendered moot by the legislative amendments, both of the arguments were offered in support of ultra vires claims that we are dismissing for want of jurisdiction. The moot arguments therefore do not affect our analysis.

## C.    Conclusion Regarding Mootness

Because the mootness doctrine implicates only dismissed claims, the two surviving claims we have already mentioned—that the County Order violates the Texas and U.S. Constitutions

---

[5] Section 352.051 authorizes a county to restrict the sale or use of certain fireworks during drought conditions. *See* Tex. Loc. Gov't Code Ann. § 352.051 (West Supp. 2009).

and that the County Plan violates the Texas and U.S. Constitutions—remain unaffected. However, before we consider the claims, we must address a final jurisdictional argument made by Comal County with regard to the claim involving the County Order. In its argument, Comal County contends that the trial court, a court of equity, did not have jurisdiction over the County Order because the County Order was a criminal ordinance. We turn to this issue next.

### *Jurisdiction Over Criminal Ordinance*

Comal County contends that the trial court did not have subject-matter jurisdiction over Mr. W's challenges to the constitutionality of the County Order because the court was sitting as one of equity, and the County Order is a penal ordinance. Courts of equity do not have jurisdiction to interfere with the attempted enforcement of a criminal statute unless the statute is unconstitutional and its enforcement will result in irreparable injury to vested property rights. *See State v. Morales*, 869 S.W.2d 941, 945 (Tex. 1994); *Morrow*, 230 S.W.3d at 236. The lack of jurisdiction in this type of case applies not only to suits seeking to enjoin enforcement but also to suits seeking a declaratory judgment regarding the constitutionality of the statute or ordinance. *See Morales*, 869 S.W.2d at 947. Here, Mr. W sought declarations that the County Order violated the Texas and U.S. Constitutions. The County Order is a criminal ordinance because it states that "a person who knowingly or intentionally violates this order commits a Class C Misdemeanor, punishable by a fine of up to $500.00." *See Morrow*, 230 S.W.3d at 236-37.

The four scenarios in which a party may seek relief from a court of equity based on the unconstitutionality of a criminal statute include when: (1) the statute is enforced, and the party is being prosecuted; (2) the statute is enforced, and the threat of prosecution is imminent, although

13

the party has yet to be prosecuted; (3) there is no actual or threatened enforcement of the statute, and the party does not seek an injunction against its enforcement, but the statute is nonetheless integrally related to conduct subject to the court's equity jurisdiction; and (4) there is no actual or threatened enforcement of the statute and no complaint of specific conduct remediable by injunction. *See Morales*, 869 S.W.2d at 944-45; *Morrow*, 230 S.W.3d at 237-38.

Although the first and second scenarios provide a court of equity with jurisdiction, they do so only if the plaintiff shows that the statute will cause irreparable injury to a vested property right. *See Morales*, 869 S.W.2d at 945; *Morrow*, 230 S.W.3d at 238. The term "property right" refers to any type of right to specific property, whether tangible or intangible. Black's Law Dictionary 1437 (9th ed. 2009). The term "vested right" refers to a right "that so completely and definitely belongs to a person that it cannot be impaired or taken away without the person's consent." *Id*. at 1438. A vested right "has some definitive, rather than merely potential existence." *City of La Marque v. Braskey*, 216 S.W.3d 861, 864 (Tex. App.—Houston [1st Dist.] 2007, pet. denied); *Morrow*, 230 S.W.3d at 238. Property rights are created and defined by state law. *See Stratton v. Austin Indep. Sch. Dist.*, 8 S.W.3d 26, 29 (Tex. App.—Austin 1999, no pet.) (citing *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972)).

In *Morrow*, the court held that a county order banning the use of fireworks did not implicate a vested property right of a fireworks business. 230 S.W.3d at 239. Mr. W contends that this case is distinguishable from *Morrow* because the County Order in this case bans the sale, dispensation, and transportation of fireworks, while the order in *Morrow* banned only the use of fireworks. *Id*. at 234. However, a property owner has no vested right to use its property for a

14

particular purpose.[6] *See id.* at 240; *Braskey*, 216 S.W.3d at 863. Thus, Mr. W does not have a vested property right to sell or dispense fireworks in Comal County. *See Morrow*, 230 S.W.3d at 240 ("[E]ven if the ban had prohibited the sale, rather than the use, of all fireworks . . . no vested property right would be implicated because a property owner has no absolute right to use his property for a particular purpose."); *Braskey*, 216 S.W.3d at 864 (property owner did not have vested property right to use property for animal shelter); *Hang On III, Inc. v. Gregg County*, 893 S.W.2d 724, 726-27 (Tex. App.—Texarkana 1995, writ dism'd by agr.) (property owner did not have vested property right to use property for sexually-oriented business).

Regarding the ban on the transportation of fireworks, Mr. W asserts that because the ban prohibited Mr. W from moving its fireworks to nearby counties to sell them, the ban "directly impacted Mr. W's vested property rights . . . in the sale of its merchandise and in the mitigation of its damages." We have already determined that Mr. W did not have a vested property right in the sale of its fireworks. Further, Mr. W does not cite to, and we have not found, any authority for the proposition that a property owner has a vested property right in the transportation of its property or in the mitigation of damages involving the property.

Because Mr. W has not identified a vested property right, the trial court did not have jurisdiction over Mr. W's claim that the County Order violated the Texas and U.S. Constitutions.[7]

---

[6] The parties do not dispute that Mr. W has a property right in its inventory of fireworks. *See Morrow v. Truckload Fireworks, Inc.*, 230 S.W.3d 232, 238 (Tex. App.—Eastland 2007, pet. dism'd); *Stratton v. Austin Indep. Sch. Dist.*, 8 S.W.3d 26, 29 (Tex. App.—Austin 1999, no pet.) (person's property interests include actual ownership of real estate, chattels, and money).

[7] Mr. W also contends that the trial court had jurisdiction over Mr. W's challenges to the constitutionality of the County Order because the County Order imposed criminal penalties on customers as well as employees, thus falling within an exception to the general jurisdictional rule.

15

Accordingly, we dismiss the claim for want of jurisdiction. After dismissing the claim regarding the County Order, only one of Mr. W's claims remains: that the County Plan violates the Texas and U.S. Constitutions.

## REMAINING CONSTITUTIONAL CLAIM

Because we have jurisdiction over Mr. W's remaining claim—that the County Plan violates the Texas and U.S. Constitutions—we address the claim below.

### *Texas Constitution*

Although Mr. W's petition challenges the constitutionality of the County Plan under the Texas Constitution, Mr. W does not address the claim on appeal. Because Mr. W does not offer any arguments or citations to legal authority or the record with regard to this claim, Mr. W has waived the argument on appeal. *See* Tex. R. App. P. 38.1(i) (requiring briefs to contain clear and concise argument for contentions made and appropriate citations to authorities and record).

---

However, Mr. W is incorrect in stating that the County Order imposed penalties on customers, and the cases cited by Mr. W in support of its argument are distinguishable from this case. *See Houston v. Jas. K. Dobbs Co.*, 232 F.2d 428 (5th Cir. 1956); *Austin v. Austin City Cemetery Ass'n*, 28 S.W. 528 (Tex. 1894); *Robinson v. Jefferson County*, 37 S.W.3d 503 (Tex. App.—Texarkana 2001, no pet.). In all three cases, the ordinance at issue explicitly outlawed behavior of the business owner and the customers, making it impossible for the business owner to adequately contest the validity of the ordinance by violating it when its customers did not also do so. *See Houston*, 232 F.2d at 431; *Austin*, 28 S.W. at 528-29; *Robinson*, 37 S.W.3d at 506, 509. In this case, the County Order did not impose penalties on customers who bought fireworks. Thus, Mr. W could have violated the ordinance by selling fireworks to a customer without having to expect or compel the customer to also face criminal penalties. Further, the County Order was a temporary order issued as a result of an emergency situation, while in all three cases cited by Mr. W, the ordinances were permanent and unrelated to an emergency. Accordingly, we are not persuaded by Mr. W's argument.

16

*U.S. Constitution*

Mr. W contends that the County Plan violates the Commerce Clause of the U.S. Constitution. However, Mr. W does so only in a general argument that includes the Act, the State Emergency Management Plan,[8] the County Plan, and the County Order, and it cites to no legal authority other than the Commerce Clause itself in support of its argument. Specifically, Mr. W offers the following argument in its brief:

> Assuming [the Act], [the Governor's Order], the State Emergency Management Plan, [and the County Plan] have the effect claimed by Comal County, giving the local county official the authority to sua sponte create laws affecting the use, transportation and sales of generally "combustible materials," explosives, alcohol and fireworks, then they violate the Commerce Clause of the United States Constitution.

Because Mr. W does not specifically address the County Plan's constitutionality with regard to the Commerce Clause, and because it does not cite to any legal authority for its argument other than the Commerce Clause itself, Mr. W has waived this issue. *See* Tex. R. App. P. 38.1(i).

**CONCLUSION**

Based on sovereign immunity, the trial court did not have jurisdiction over Mr. W's claims that: (1) the County Order exceeded the scope of the Governor's Order and the Act; (2) the Governor's Order exceeded the scope of the Act; and (3) the County Plan exceeded the scope of the Act and the Governor's Order. We therefore dismiss those claims for want of jurisdiction. Based on Mr. W's failure to name the correct governmental entities as required by the Declaratory

---

[8] We do not address Mr. W's contention regarding the State Emergency Management Plan because Mr. W did not request any relief from the trial court regarding the plan.

Judgments Act, the trial court also did not have jurisdiction over Mr. W's claims that: (1) the Act violated the Texas and U.S. Constitutions, and (2) the Governor's Order violated the Texas and U.S. Constitutions. We therefore dismiss those claims for want of jurisdiction. Because the County Order was a penal ordinance, the trial court also did not have jurisdiction over Mr. W's claim that the County Order violated the Texas and U.S. Constitutions. Thus, we also dismiss that claim for want of jurisdiction. Finally, Mr. W waived its arguments regarding the constitutionality of the County Plan, and we therefore affirm the trial court's judgment with respect to Mr. W's claim that the County Plan violated the Texas and U.S. Constitutions.

_____

Diane M. Henson, Justice

Before Chief Justice Law, Justices Waldrop and Henson;
   Chief Justice Law Not Participating[9]

Affirmed in part; Vacated and Dismissed in part

Filed: March 31, 2010

---

[9] Because Chief Justice Law was originally assigned to author this opinion, authoring duties were reassigned.