The CITY OF LA MARQUE, Appellant,

v.

Toyya BRASKEY d/b/a The Momma Cat, Appellee.

No. 01–04–01224–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 4, 2007.

John J. Hightower, Patricia L. Hayden, Scott Bounds, Olson & Olson, L.L.P., Houston, TX, for Appellant.

Anthony P. Griffin, Anthony P. Griffin, Inc., Galveston, TX, for Appellee.

Panel consists of Chief Justice RADACK and Justices ALCALA and BLAND.

## OPINION

ELSA ALCALA, Justice.

Appellant, the City of La Marque, appeals a judgment rendered on a jury verdict in favor of appellee, Toyya Braskey d/b/a The Momma Cat. The trial court (1) issued a judgment that declared that the City's Kennel Location Ordinance did not apply to Braskey, (2) issued an injunction to prevent the City from enforcing the ordinance, and (3) awarded Braskey attorney's fees of $27,500 for the trial, $10,000 for an appeal to the court of appeals, and $15,000 for an appeal to the supreme court. On appeal, the City asserts, in its first issue, that the trial court had no jurisdiction over Braskey's suit. We agree that the trial court lacked jurisdiction over the applicability of the ordinance to Braskey because jurisdiction is proper in the court where the criminal charges against Braskey are pending. We vacate the trial court's judgment and dismiss the cause for want of jurisdiction.[1]

## Background

Braskey has operated a state-licensed cat shelter, the Momma Cat, within the City of La Marque since October 2002. In May 2003, the City issued citations to Braskey for violation of Ordinance No. 587, section 4–8 (the Kennel Location Ordinance). The Kennel Location Ordinance prohibits maintaining a kennel within 500 feet of a dwelling, school, or church. The Momma Cat shelter, which housed as many as 100 cats at a time, is located within 100 feet of three residences.

While criminal charges were pending against Braskey in the municipal court, Braskey filed this lawsuit seeking a declaration and an injunction from the trial court. Braskey requested that the trial court declare that the Kennel Location Ordinance does not apply to her because the ordinance pertains to kennels only, and the Momma Cat is an "animal shelter" and not a "kennel." Further, by contending that enforcement of the ordinance would cause her irreparable harm, Braskey sought an injunction from the trial court that would order the City not to enforce the ordinance against her. The irreparable harm claimed by Braskey was that enforcement of the ordinance would cause her facility to be closed, the death of cats housed at the Momma Cat, possible fines levied against her, her possible confinement, and her expenditure of attorney's fees. Braskey's petition alleged that the Kennel Location Ordinance was an "ex post facto application and constitutes unlawful taking of property in violation of the due process cause [sic] of the U.S. Constitution."

## The Kennel Location Ordinance

The Kennel Location Ordinance states,

It shall be unlawful for any person to maintain or construct a kennel as de-

---

1. Because we conclude that we lack jurisdiction over this case, we do not reach the City's appellate issues numbered two through five that assert that the trial court erred (1) by declaring that the ordinance in question does not apply to Braskey, (2) by declaring that Braskey's facility was not a nuisance, and (3) by awarding post-judgment interest and attorney's fees.

fined in this section within 500 feet of a dwelling, school or church with the following exceptions: 1. the owner or operator may locate within the distance limitation, 2. distance limitation may be reduced to 100 feet when all residents and property owners within 500 feet sign a verified statement waiving the 500 foot distance requirement. In no event shall such kennel create a nuisance because of noise, smell or any other reason. A kennel is defined as follows: any premises wherein any person keeps, harbors, possesses, or maintains more than four (4) dogs or four (4) cats or a combination of said animals within the total number exceeding four (4) over three (3) months old, except a licensed veterinarian clinic.

### Trial Court's Jurisdiction

■ In its first issue on appeal, the City contends that the trial court, and thus this Court, lack jurisdiction. If a court lacks jurisdiction, the cause must be dismissed. *Reese v. City of Hunter's Creek Village*, 95 S.W.3d 389, 392 (Tex.App.-Houston [1st Dist.] 2002, pet. denied). "The plaintiff has the burden to plead facts that affirmatively show that the trial court has subject-matter jurisdiction." *Channelview Indep. Sch. Dist. v. A.R.C.I., Ltd.*, 199 S.W.3d 556, 558 (Tex.App.-Houston [1st Dist.] 2006, no pet.) (citing *Tex. Ass'n of Bus.v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex.1993)).

■ Generally, the meaning and validity of a penal statute or ordinance should be determined by a court exercising criminal jurisdiction. *State v. Morales*, 869 S.W.2d 941, 945 (Tex.1994) (citing *Passel v. Fort Worth Indep. Sch. Dist.*, 440 S.W.2d 61, 63 (Tex.1969)). A court of equity does not have jurisdiction to enjoin the enforcement of a penal ordinance or statute unless (1) it is unconstitutional and (2) it threatens vested property rights with irreparable injury. *Id.* If a party fails to satisfy both prongs of *Morales*, then a civil court lacks jurisdiction over the cause. *See Potter County Attorney's Office v. Stars & Stripes, Sweepstakes, L.L.C.*, 121 S.W.3d 460, 469 (Tex.App.-Amarillo 2003, no pet.); *Warren v. Aldridge*, 992 S.W.2d 689, 691 (Tex.App.-Houston[14th Dist.] 1999, no pet.). If questions of constitutionality can be resolved in a criminal proceeding "and vested property rights are not in jeopardy," then a court of equity should not intervene. *Morales*, 869 S.W.2d at 945 (citing *Passel*, 440 S.W.2d at 63). The lack of jurisdiction in this type of case is not limited to suits seeking to enjoin enforcement, but also to suits seeking a declaratory judgment regarding the constitutionality of a statute or ordinance. *Id.* at 947.

For the trial court to have jurisdiction here, Braskey must show that a vested property right was threatened with irreparable harm. *See Morales*, 869 S.W.2d at 945. The City does not dispute that Braskey, as owner of the facility, has a property right in the facility. *See Reese*, 95 S.W.3d at 391 (stating that property rights include "actual ownership" of property). The issue here is not whether Braskey had a property right in the facility, but rather whether *her use* of the facility, as a cat shelter, was a vested property right.

■ Property owners do not have a constitutionally protected vested right to use real property in any certain way, without restriction. *See City of Univ. Park v. Benners*, 485 S.W.2d 773, 778 (Tex.1972) (holding "that property owners do not acquire a constitutionally protected vested right in property uses once commenced or in zoning classifications once made"); *Weatherford v. City of San Marcos*, 157 S.W.3d 473, 483 (Tex.App.-Austin 2004, pet. denied) (concluding property owner "had no vested property right in any par-

ticular zoning classification"); *Hang On III, Inc. v. Gregg County,* 893 S.W.2d 724, 726 (Tex.App.-Texarkana 1995, writ dism'd by agr.) (holding that property owner did not have vested property right in operating sexually-oriented business on that property). A right is "vested" when it "has some definitive, rather than merely potential existence." *Tex. S. Univ. v. State Street Bank and Trust Co.,* 212 S.W.3d 893, 903 (Tex.App.-Houston [1st Dist.] 2007, no pet. h.); *see also* BLACK'S LAW DICTIONARY 1595 (8th ed.2004) (defining "vested" as "[h]aving become a completed, consummated right for present or future enjoyment; not contingent; unconditional; absolute"). Braskey's use of her property as a facility for cats is not a constitutionally protected vested right because it concerns only the way that her property is used, which is not an absolute right. *See Benners,* 485 S.W.2d at 778; *Weatherford,* 157 S.W.3d at 483; *Hang On,* 893 S.W.2d at 726. Braskey's asserted harms—the closing of her facility, the death of cats housed at the facility, possible fines levied against her for operating the facility, her possible confinement for operating the facility, and her expenditure of attorney's fees to pursue continued operation of the facility—all concern the use of her property as a facility for cats, which is not a constitutionally protected vested right. *See Benners,* 485 S.W.2d at 778; *Weatherford,* 157 S.W.3d at 483; *Hang On,* 893 S.W.2d at 726.

■ We conclude that the ordinance's restrictions on the use of Braskey's property as a cat shelter do not constitute threats to vested property rights. *See Benners,* 485 S.W.2d at 778; *Weatherford,* 157 S.W.3d at 483; *Hang On,* 893 S.W.2d at 726. We hold that the trial court did not have jurisdiction to hear this lawsuit and, thus, we do not have jurisdiction over this appeal. *See Morales,* 869 S.W.2d at

945 (requiring irreparable harm to vested property rights before civil court may enjoin enforcement of criminal law); *see also Channelview Indep. Sch. Dist.,* 199 S.W.3d at 558 (stating plaintiff must affirmatively allege facts showing subject-matter jurisdiction); *Tex. Dep't of Transp. v. City of Sunset Valley,* 92 S.W.3d 540, 549 (Tex. App.-Austin 2002) (holding that parties' failure to identify authority that right at issue was vested property right precluded judicial review of agency action), *rev'd on other grounds,* 146 S.W.3d 637 (Tex.2004). Therefore, the municipal court is the proper court to hear Braskey's challenges to the ordinance. *See Morales,* 869 S.W.2d at 945 (quoting *Passel,* 440 S.W.2d at 63) (stating that if no property rights are threatened, "[a] person may continue his activities until he is arrested and then procure his release by showing that the law is void"). Because *Morales* requires that a plaintiff meet both prongs to establish jurisdiction and we have determined that Braskey has not met the second prong, we do not reach the first prong that concerns the constitutionality of the ordinance. *See id.*

We sustain the City's first issue.

### Conclusion

We vacate the judgment of the trial court and dismiss this cause for want of jurisdiction.