Opinion filed March 22, 2007




















 
 
  
 
 







 
 
  
 
 




Opinion filed March 22, 2007

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-06-00197-CV 

                                                    __________

 

            WILLIAM C. MORROW, JIMMY SMITH, MIKE BRADFORD, 

                    JULUIS BROOKS,
AND RANDY PRUDE, Appellants

 

                                                             V.

 

                           TRUCKLOAD
FIREWORKS, INC., Appellee

 



 

                                        On
Appeal from the 142nd District Court

 

                                                        Midland County, Texas

 

                                                Trial
Court Cause No. CV-45,560

 



 

                                                                   O
P I N I O N

 

The trial court entered a temporary restraining
order enjoining enforcement of Midland
 County=s Declaration of Disaster and Executive
Order.  Midland County[1]
appeals the trial court=s
decision to deny its motion to dismiss for lack of jurisdiction.  We vacate the trial court=s injunction and remand.








                                                              I.
Background Facts

On June 15, 2006, Midland County Judge William C.
Morrow issued a Declaration of Disaster for Midland
County and an Executive Order banning
the outdoor use of all combustibles, including fireworks, in Midland County.[2]  Authorized public displays of fireworks were
excluded from the ban.  A violation of
the executive order was a Class C misdemeanor. 
Midland County withdrew the declaration and
executive order on June 23, 2006, because of recent rain and a favorable
weather forecast, but on June 27, 2006, a new disaster declaration and
executive order were executed.  The June
27 declaration and order were identical to the June 15 declaration and order
and will be referenced in this opinion as the Afireworks
ban.@

Truckload Fireworks, Inc. filed suit after the
execution of the original declaration and executive order and requested injunctive
relief.[3]  Midland
 County filed a motion to
dismiss for lack of jurisdiction.  The
trial court took Midland
 County=s motion under advisement, conducted an
evidentiary hearing, and granted Truckload=s
request for injunctive relief.  The trial
court did not expressly rule on the motion to dismiss but, by granting
Truckload affirmative relief, denied the motion by implication.

                                               II.
Issues

Midland
 County contends that the
trial court erred by not dismissing Truckload=s
suit for lack of subject-matter jurisdiction.[4]  Before we address the trial court=s jurisdiction, however, we must first
determine our own because the fireworks ban has expired.

                                             III.  Has this Controversy Become Moot?  








Counsel acknowledged during oral argument that the
fireworks ban has expired.  Because the
injunction merely prohibited Midland
 County from enforcing the
ban, its expiration makes this controversy moot.  See Murphy v. Hunt, 455 U.S. 478, 481
(1982) (a case becomes moot when the issues are no longer live or when the
parties lack a legally cognizable interest in the outcome).  If a case becomes moot, the parties lose
standing to maintain their claims.  Williams
v. Lara, 52 S.W.3d 171, 184 (Tex.
2001).  Accordingly, this court asked
counsel why the case should not be dismissed. 
Midland County responded that this suit falls
under the Acapable
of repetition, yet evading review@
exception to the mootness doctrine.  Midland County has since provided this court
with a letter brief containing citations to several cases discussing the
doctrine.  Truckload has advised the
court that it has no other authority, but has not advocated a position on the
mootness issue.

The capable of repetition, yet evading review
exception applies infrequently.  See
City of Los Angeles v. Lyons, 461 U.S. 95, 109 (1983) (the doctrine
is exceptional and applies only when the plaintiff can make a reasonable showing
that he will again be subjected to the alleged illegality).  To invoke the exception, a party must prove
that the challenged action was too short in duration to be litigated fully
before the action ceased or expired and that a reasonable expectation exists
that the same complaining party will be subjected to the same action
again.  Murphy, 455 U.S. at 482.

The first element is easily satisfied.  Because the Fourth of July fireworks season
is extremely short and the ban was executed on June 27, it was impossible for
the parties to fully litigate this action before their controversy became moot.[5]  The second element is more problematic, but
we believe that it too is satisfied.

We can take judicial notice that Midland County=s average annual rainfall is 14.80
inches; that in seven of the last ten years Midland County=s yearly precipitation was below
average;  that in five of these years
Midland County received less than ten inches of rain;[6]
and that in December 2005, Midland County issued a similar fireworks ban.  Truckload has advised the court that it and Midland County litigated a similar ban in
1996.  Collectively, this provides a
reasonable expectation that Midland
 County will continue to
suffer from drought conditions, that it will respond to drought conditions
during fireworks seasons by banning the use of all fireworks, and that
Truckload will challenge any ban of nonrestricted fireworks.  Consequently, we believe that the exception
applies and that we are not required to dismiss this case for mootness.








                                                                   IV.
Discussion

A. Standard of Review.

The question of subject-matter jurisdiction is a
legal question. Therefore, we review the trial court=s
order under a de novo standard of review. 
Tex. Natural Res.
Conservation Comm=n
v. IT-Davy, 74 S.W.3d 849, 855 (Tex.
2002).  We are not required to look
solely to the pleadings, but may consider evidence relevant to the
jurisdictional issues raised.  Tex. Dep=t
of Criminal Justice v. Miller, 51 S.W.3d 583, 587 (Tex. 2001). 
We do not look to the merits of the case, but accept Truckload=s allegations as true.  City of Longview
v. Head, 33 S.W.3d 47, 51 (Tex.
App.CTyler
2000, no pet.).

B. Did the Trial Court Have Subject-Matter
Jurisdiction?

Midland
 County argues that the
fireworks ban constitutes a penal ordinance 
and that the trial court did not have jurisdiction to enjoin its
enforcement because the court was sitting as a court of equity.  Truckload argues that trial courts have broad
supervisory authority over commissioners courts, including the power to enjoin
them from taking illegal action. 
Truckload concludes that, because it pleaded that Midland
County did not have the authority to
ban all fireworks, the trial court had jurisdiction to determine whether the
ban was illegal and, if so, to enjoin any further action by Midland County.

Neither party asks us to determine whether Midland County had the authority to ban the use
of nonrestricted fireworks.  Midland County=s
position makes the question immaterial because jurisdiction is a threshold
question.  Truckload counsels us that the
determination of jurisdiction and the resolution of the merits are separate
issues and reminds us that Midland
 County=s appeal does not address the propriety
of the injunction.  Our resolution of
this appeal makes it unnecessary to determine the extent of a county=s authority to regulate the use of
nonrestricted fireworks, and we express no opinion on the legality of the
fireworks ban.

1. The General Rule.








The general rule is that courts of equity do not
have jurisdiction to interfere with the 
enforcement of a criminal statute. 
Instead, the meaning and validity of a penal statute or ordinance should
ordinarily be determined by a court exercising criminal jurisdiction.    Passel v. Fort Worth Indep. Sch. Dist.,
440 S.W.2d 61, 63 (Tex.
1969).  Midland County
contends that the fireworks ban was a penal ordinance because a violation was a
Class C misdemeanor and carried a potential fine of $500.  Truckload responds that the ban was an
administrative order and, therefore, that the general prohibition did not
apply.

Truckload relies upon City of San Antonio v.
Rankin, 905 S.W.2d 427, 429 (Tex. App.CSan
Antonio 1995, no writ).  In Rankin,
the City of San Antonio
adopted an ordinance that required fire department supervisors to file annual
financial disclosure statements and financial involvement records with the city
clerk.  The failure to do so was a Class
C misdemeanor.  The city=s fire chief sent the supervisors a
memo directing them to complete the disclosure forms and return them to his
office by a stated deadline.  The
supervisors filed suit and successfully obtained a temporary restraining order
that prohibited the city from prosecuting or taking any internal disciplinary
action against them for failing to file disclosure statements.

The disciplinary action prohibition was
critical.  The San Antonio Court noted that courts of
equity normally do not have jurisdiction to interfere with the enforcement of a
criminal statute, but it held that the trial court had jurisdiction in this
instance because the fire chief=s
memo was considered a direct order and thus subjected the supervisors to
employment-related disciplinary action in addition to criminal
prosecution.  Rankin, 905 S.W.2d
at 429-30; see also Passel, 440 S.W.2d at 64 (court had
jurisdiction because plaintiffs sought an injunction against enforcement of a
school district rule adopted pursuant to an unconstitutional statute).  

No dual process was present here.  The fireworks ban did not create an ancillary
administrative process, and Truckload=s
requested injunction was directed solely at the enforcement of the ban itself.[7]  Truckload argues that the ban Asought to institute Midland County=s administrative rights@ granted under state law.  Regardless of Midland County=s intentions or beliefs, it did not
take or threaten any administrative action. 
The only possible consequence for a violation of the ban was a
fine.  We agree, therefore, that the ban
was a penal ordinance.








Truckload argues that, irrespective of the nature
of the ban, the Texas Constitution gives district courts general supervisory
control over the commissioners court and the jurisdiction to enjoin illegal
acts.  See Tex. Const. art. V, '
8 (AThe District Court shall have appellate
jurisdiction and general supervisory control over the County Commissioners
Court, with such exceptions and under such regulations as may be prescribed by
law.@).  Truckload cites no case where this authority
was extended to enjoining enforcement of a criminal ordinance.  The cases it does cite involve administrative
functions like establishing salaries[8]
or supervising county employees.[9]  Because the fireworks ban was a penal
ordinance, the trial court=s
general supervisory authority did not empower it to enjoin further enforcement
of that ban.

2. The Morales Scenarios.

Constitutional challenges to criminal statutes can
arise in a variety of contexts.  To aid
trial courts in determining their jurisdiction, the Texas Supreme Court has
grouped these into four scenarios.  The
classification of a particular dispute into one of the four scenarios
determines whether a court has jurisdiction. 
The four scenarios are:

(1) the statute is enforced and the party is being
prosecuted;

 

(2) the statute is enforced and the threat of
prosecution is imminent, although the party has yet to be prosecuted;

 

(3) there is no actual or threatened enforcement
of the statute and the party does not seek an injunction against its enforcement,
but the statute is nonetheless integrally related to conduct subject to the
court=s equity
jurisdiction; and

 

(4) there is no actual or threatened enforcement
of the statute and no complaint of specific conduct remediable by injunction.

 








State v. Morales, 869 S.W.2d 941, 944-45 (Tex. 1994).[10]  Morales illustrates the fourth
scenario.  There, the plaintiffs
challenged the constitutionality of the Texas
sodomy statute.  The attorney general
contended that the statute had not been, nor likely would be, enforced against
the plaintiffs.  Nonetheless, the
plaintiffs alleged that the statute stigmatized them as criminals, jeopardized
their careers, and encouraged the commission of hate crimes against them.  However, because the statute was not being
enforced and plaintiffs could show no specific instance of injury to their
careers, the supreme court held that the trial court lacked jurisdiction to
determine its constitutionality.  869
S.W.2d at 947.  The third scenario is
represented by cases such as Rankin where injunctive relief was sought
to prevent administrative enforcement of a rule or regulation adopted for the
purpose of implementing the statute.  905
S.W.2d at 429.

The first and second scenarios provide a court of
equity with jurisdiction, but require a vested property right to invoke.  See Morales, 869 S.W.2d at 945 n.8; Passel,
440 S.W.2d at 63.  Property rights
and personal rights are not synonymous. 
869 S.W.2d at 946.  The concept of
personal rights  is broader and includes
the right to conduct a specific activity. 
However, the right to conduct an activity, such as using property for a
specific purpose, does not equate that personal right with a vested property
right.  

3. Vested Property Rights.








The term Aproperty
right@ refers
to any type of right to specific property whether it is personal or real
property, tangible or intangible.  Black=s Law Dictionary 1323 (7th ed.
1999).  A vested right Ahas some definitive, rather than merely
potential existence.@  City of La Marque
v. Braskey, No. 01-04-01224-CV, 2007 WL 14481, at *2 (Tex. App.CHouston
[1st Dist.] Jan. 4, 2007, pet. filed). 
Truckload has a property right in the physical items, such as inventory,
that it owns.  It argues that it also has
a vested property right in the operation of its fireworks business.  Truckload alleged in its original petition
that the fireworks ban violated its right to engage in interstate commerce, its
right to engage in a business enterprise involving interstate commerce, and its
rights under 42 U.S.C. '
1983.  At the evidentiary hearing, it
also argued a vested property interest in its First Amendment rights.[11]  Truckload=s
brief directs us to allegations that it had invested in excess of $500,000 to
purchase and maintain inventory, that it was contractually bound under numerous
leases for locations in Midland
 County, and that banning
the use of fireworks would destroy Truckload=s
business and cause an unrecoverable loss of income.[12]  During the evidentiary hearing, Truckload=s owner, Jim Harris, testified that he
had spent over $300,000 for inventory, over $25,000 for advertising, and over
$25,000 for leases and associated costs for his Midland County
locations.[13]  Truckload=s
pleadings are clearly sufficient to articulate a claim that a total ban on the
use of fireworks would result in a tremendous financial loss.  This loss, even though tangible and
significant, is insufficient to constitute a vested property right because it
represents losses due to restrictions on personal rights.

The distinction between personal rights and vested
property rights is illustrated by the Braskey decision.  2007 WL 14481.  Braskey operated a cat shelter.  The City of La Marque passed an ordinance prohibiting the
operation of a kennel within 500 feet of a dwelling, school, or church.  Braskey=s
shelter was located within 100 feet of three residences.  She filed suit seeking an injunction against
the city and claimed that enforcement of the ordinance would cause her facility
to close, the death of cats housed at the shelter, and the potential imposition
of fines or confinement.  Id.  The Houston
 First Court recognized Braskey=s property right in the facility.  It held, however, that her use of the
facility as a cat shelter was not a vested property right.  The court reached this conclusion by noting
that Braskey did not have a constitutionally protected right to use her
property as a shelter.  Id. at *2. The damages that she faced
if the shelter were closed concerned a particular use of her property and not
the right to use the property. 
Consequently, the trial court was without jurisdiction to hear Braskey=s suit. 
Id.
at *3.








Truckload=s
allegations present a similar situation.[14]
When determining whether the trial court has jurisdiction, we construe
pleadings liberally in plaintiff=s
favor.  Tex.
Dep=t of
Transp. v. Ramirez, 74 S.W.3d 864, 867 (Tex. 2002). 
But, the petition must allege facts that affirmatively demonstrate the
trial court=s
jurisdiction to hear the cause.  Tex. Ass=n of Bus. v. Tex.
Air Control Bd., 852 S.W.2d 440, 446 (Tex. 1993).  We have assumed that each of the factual
statements made by Truckload in its original petition are true, and we have
construed the evidence introduced at the temporary injunction hearing in
Truckload=s favor.  Truckload, however, has not identified a
vested property right but, at best, has only identified a personal right to
sell and display fireworks.

The fireworks ban did not prohibit Truckload from selling
fireworks or conducting authorized displays of fireworks,[15] nor was Truckload required to
surrender its inventory.  None-theless,
the ban unquestionably impacted Truckload=s business and would have caused a significant loss of income if
not enjoined.  But, even if the ban had
prohibited the sale, rather than the use, of all fireworks and thus eliminated
Truckload=s Midland County
retail business, no vested property right would be implicated because a
property owner has no absolute right to use his property for a particular
purpose.  See City of Univ. Park v.
Benners, 485 S.W.2d 773, 778 (Tex. 1972) (property owners do not acquire a
constitutionally protected vested right in property uses once commenced or in
zoning classifications once made); Weatherford v. City of San Marcos,
157 S.W.3d 473, 483 (Tex. App.CAustin 2004, pet. denied) (property owner had no vested property
right in any particular zoning classification); Hang On III, Inc. v. Gregg
County, 893 S.W.2d 724, 726 (Tex. App.CTexarkana 1995, writ dism=d by agr.) (property owner did not have a vested property right in
operating sexually oriented business on particular property).








Truckload alternatively argues that the trial court had
jurisdiction because the fireworks ban would destroy its property before the
ban=s validity could be tested in
court.  Truckload cites City of Austin
v. Austin City Cemetery Ass=n, 28 S.W. 528 (Tex. 1894); Robinson v. Jefferson County, 37
S.W.3d 503 (Tex. App.CTexarkana 2001, no pet.); and City of Dallas v. Dallas County
Housemovers Assoc., 555 S.W.2d 212 (Tex. Civ. App.CDallas 1977, no writ), for the
proposition that the destruction of its business during the pendency of any
litigation implicates a vested property right. 
However, in each of these cases the challenged ordinance operated
against both a business and the business=s customers.  Midland County=s fireworks ban did not
criminalize the sale or possession of fireworks in Midland
County or make Truckload liable for
any customer that did use its fireworks in Midland County.

The supreme court distinguished Austin City Cemetery Ass=n in its Morales opinion
by noting that, if a party faced no prosecution under the challenged ordinance,
it had no in terrorem effect.  869
S.W.2d at 944 n.7.  Truckload did not
plead that it faced criminal prosecution, and no testimony was introduced at
the hearing of any threatened criminal prosecution.[16]  Because Truckload faced no prosecution, Austin City Cemetery
Ass=n does not apply.

                                             V. Holding

Because Truckload did
not identify a vested property right, the trial court did not have jurisdiction
to enjoin enforcement of the fireworks ban. 
Midland County=s third issue is sustained. 
We vacate the trial court=s injunction and remand this cause to that court with
instructions to dismiss for want of jurisdiction.

 

 

RICK
STRANGE

JUSTICE

 

March 22, 2007

Panel consists of: 
Wright, C.J.,

McCall, J., and Strange, J.











     [1]Appellant
William C. Morrow was the Midland County Judge at the time of this suit;
appellants Jimmy Smith, Mike Bradford, Juluis Brooks,
and Randy Prude were Midland County Commissioners.





     [2]The
ordinance also prohibited discarding any flammable materials, such as
cigarettes, and it restricted outdoor welding, cutting, and grinding
operations.





     [3]Truckload
conceded Midland County=s ability
to regulate the use of restricted fireworks. 
See Tex. Loc. Gov=t Code Ann. ' 352.051(a)(1) (Vernon 2005) (which defines A[r]estricted fireworks@ as
skyrockets with sticks and missiles with fins). 
Truckload=s suit contested the county=s authority to regulate any other type of firework.





     [4]Midland County=s brief
states this argument in three issues. 
The first two concern procedural questions relating to our ability to
hear this interlocutory appeal. 
Truckload does not dispute this court=s
jurisdiction.  Midland
County=s first
two issues are sustained, and we will limit our review to Midland County=s substantive issue.





     [5]Truckload=s owner testified that the season lasts eleven
days:  from June 24 through midnight,
July 4.





     [6]See
www.srh.noaa.gov/maf/HTML/100TESTMAF.htm





     [7]Truckload
requested an injunction that enjoined Athe
enforcement of the Declaration and the Executive Order insofar as they purport
to ban the sale or use of any fireworks other than restricted fireworks in Midland County.@  The Texas Supreme Court has noted that equity
courts do not have the jurisdiction to grant that type of relief.  See State v. Morales, 869 S.W.2d 941,
942 n.2 (Tex. 1994) (holding that the trial court did not have jurisdiction to
enter a declaratory judgment that Texas sodomy statute was unconstitutional and
noting that plaintiffs were not seeking to enjoin enforcement of a rule or
policy promulgated pursuant to the sodomy statute but were seeking an
injunction against prosecutions under the statute).





     [8]See,
e.g., Wichita County v. Bonnin, 182 S.W.3d 415 (Tex. App.CFort Worth 2005, pet. denied).





     [9]See,
e.g., Comm=rs Court of Titus County v. Agan, 940 S.W.2d 77 (Tex.
1997).





     [10]The
Morales opinion contains a detailed explanation of why and how courts of
equity were created and operated, and the ensuing reasons for their limited
jurisdiction.  869 S.W.2d at 943-44.





     [11]Truckload=s owner testified that a fireworks association had
filed suit in federal court alleging First Amendment issues; but he did not
identify a First Amendment claim on behalf of Truckload, and no First Amendment
claim was pleaded.





     [12]Truckload
argues in its brief that the fireworks ban would destroy any value it had in
its fireworks inventory.  Truckload does
not explain how this would occur, but because it pleaded that it had invested a
significant sum in inventory and that the ban would destroy its business, we
have accepted this statement as true.





     [13]Truckload
also sells fireworks in Ector
 County and in six to
eight other surrounding towns.





     [14]Truckload
states in its brief that intermediate courts have set forth inconsistent
standards for determining whether a trial court has subject-matter jurisdiction
and that some courts require only an allegation of unconstitutionality and
irreparable injury to vested property rights while others seemingly require an
allegation of unconstitutionality and proof of irreparable injury to a vested
property right.  For this later
proposition, Truckload cites Sterling v. San Antonio Police Department,
94 S.W.3d 790 (Tex.
App.CSan Antonio 2002, no pet.).  We do not read Sterling to impose a different
requirement than any other intermediate court. 
Moreover, in our review of this case, we have assumed that Truckload=s factual allegations are true.





     [15]The
fireworks ban excluded public displays that met the requirements of Tex. Occ. Code Ann. ' 2154.204 (Vernon 2004). Harris testified that he was
also in the fireworks display business and that he had lost $10,000 in business
because of the ban.  Harris=s testimony referred to lost displays Athis fiscal year.@  From the context, it is not entirely clear if
he was referring to losses caused by the June 15 and June 27 orders or if he
also included the December ban.  His
pleading only refers to retail business losses. 
We have assumed that at least some of the lost display revenue was
attributable to the June 27 order and was incurred by Truckload, but for the
same reasons that Truckload has no vested property right in its retail
business, it has no vested property right in any display business.





     [16]Harris
did testify that the county fire marshal went to one of his locations and
talked to his customers.  The record does
not reveal the substance of that conversation.