COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                       NO.  2-08-440-CV

 

 

DESTRUCTORS, INC.                                                           APPELLANT

 

                                                   V.

 

CITY OF FOREST HILL                                                             APPELLEE

 

                                              ------------

 

           FROM
THE 352ND DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

I.  INTRODUCTION

In three
issues, Appellant Destructors, Inc. appeals the trial court=s order
granting Appellee City of Forest Hill=s plea
to the jurisdiction.  We must determine
whether the trial court had subject-matter jurisdiction to enjoin the
enforcement of the municipal ordinance at issue.  Because we hold that it does not, we affirm.








II.  BACKGROUND

Destructors
operates concrete and asphalt recycling plants. 
Destructors accepts the materials for free from independent contractor
hauling companies hired by governmental entities.  Destructors then crushes and sells the
concrete and asphalt to cities, counties, the Texas Department of
Transportation, and oil and gas companies for use in new road and drilling pad
site foundations. 

A.  The City=s Truck
Route Ordinances

In 1976,
the City adopted an ordinance designating three truck routes within the city
limits.  Forest Hill, Tex., Code ' 126-212(b)
(November 6, 2007).  Aside from these
designated truck routes, the City prohibits commercial motor vehicles[2]
from using a residential street without either (1) a point of origin or
destination within the City; or (2) a City-issued permit.  Id. '' 126-212(a),
126-216B218.  The City=s
municipal code prohibits a Acommercial
motor vehicle, truck tractor, trailer, or semitrailer@
weighing more than 72,000 pounds from receiving a permit.  Id. ' 126-278.

B.  Destructors=
Recycling Plant








On
October 27, 2008, Destructors leased approximately 15.5 acres just outside the
City=s
eastern boundary, entirely within the City of Fort Worth, and began operating a
concrete and asphalt recycling facility. 
The plant is accessed by Esco Drive or Freeman DriveCthe two
roads form the AFreeman-Esco Loop@ within
the Fort Worth city limits.  Access to
the Freeman-Esco Loop is available only via Anglin Drive, a residential street
entirely located in the City,[3]
south of the City=s designated truck routes.  The trucks using Anglin Drive to deliver the
used concrete and asphalt to Destructors=
facility weigh approximately fifteen tons and typically haul a minimum of
twenty-five tons per loadCfor a total approximate weight
of 80,000 pounds.[4]


C.  The City Enforces Ordinance

Within
four days of opening its facility, at least twelve truck drivers delivering used
concrete and asphalt to Destructors= plant
received citations from the City=s police
officers for violating the ordinances. 
Destructors contends the ordinance will put its plant out of business
because the independent contractor truck drivers will avoid being ticketed by
delivering materials to competing concrete recycling facilities instead of
meeting the ordinance=s weight limit requirements and
applying and paying for a permit from the City. 








D.  Procedural Background

Destructors
filed suit against the City on October 14, 2008.  The City answered on October 30, 2008.  The next day, Destructors filed its second
amended petition and application for a temporary restraining order, alleging
(1) the City illegally took Destructors=
property without compensation, violating the Texas Private Real Property Rights
Preservation Act; (2) inverse condemnation; (3) nuisance; and (4) equal
protection. 

The City
filed a plea to the jurisdiction asserting three grounds: (1) Destructors
failed to exhaust all administrative remedies before seeking injunctive relief;
(2) a civil court has no jurisdiction to render naked declarations of Arights,
status or other legal relationships arising under a penal statute;@ and (3)
Destructors failed to affirmatively allege facts showing an irreparable harm to
a vested property right.  After a
hearing, the trial court granted the City=s plea
by written order without specifying the ground on which the plea was granted. 

III.  DISCUSSION 









On
appeal, Destructors contends by its first and fourth issues that the trial
court erred by granting the City=s plea
to the jurisdiction because it has a vested property interest that is
threatened by irreparable harm.  By its
second issue, Destructors contends there was no administrative procedure for it
to follow before filing suit against the City. 
By its third issue, Destructors contends the trial court erred by
granting the plea because the City=s
ordinance is preempted by Texas law, void, and unconstitutional under the Texas
Constitution and United States Constitution. 
Because they are dispositive, we address Destructors= first
and fourth issues, contending that the trial court erred by granting the plea
to the jurisdiction on the ground that Destructors failed to assert irreparable
harm to a vested property interest.

A.  Standard of Review

Whether
the trial court has subject-matter jurisdiction is a question of law we review
de novo.  Tex. Natural Res.
Conservation Comm=n v. IT‑Davy, 74
S.W.3d 849, 855 (Tex. 2002).  A plea to
the jurisdiction is a dilatory plea that challenges the trial court=s
subject-matter jurisdiction.  Bland  Indep. Sch. Dist. v. Blue, 34 S.W.3d 547,
554 (Tex. 2000).  It is used to defeat a
cause of action without regard to whether the claims asserted have merit.  Id. 








Analysis
of whether a trial court has authority to decide a case begins with the
plaintiff=s live pleadings.  See Tex. Dep=t of
Parks & Wildlife v. Miranda, 133 S.W.3d 217, 226 (Tex. 2004).  The plaintiff has the burden of alleging
facts that affirmatively establish the trial court=s
subject-matter jurisdiction.  Tex. Ass=n of
Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 446 (Tex.
1993).  We construe the pleadings
liberally in favor of the plaintiff, look to the pleader=s
intent, and accept the pleadings= factual
allegations as true.  Miranda, 133
S.W.3d at 226.  When the trial court does
not specify the basis for its ruling, we must affirm the trial court=s
judgment if any one of the theories advanced is meritorious.  See W. Invs., Inc. v. Urena, 162 S.W.3d
547, 550 (Tex. 2005).  To prevail on
appeal, then, Destructors must show the trial court could not properly grant
the plea to the jurisdiction on any of the grounds asserted by the City.  See Star Telegram, Inc. v. Doe, 915
S.W.2d 471, 473 (Tex. 1995).     

B.  Analysis

Destructors
contends that the trial court has subject-matter jurisdiction to determine
whether the City=s penal ordinance is
unconstitutional because the ordinance threatens irreparable injury to Destructors= vested
property rights. 

1.  Civil Trial Court Has Narrow Jurisdiction
Over Criminal Statutes 

Because
Texas has a bifurcated system of criminal and civil jurisdiction, the meaning
and validity of a penal statute or ordinance should ordinarily be determined by
courts exercising criminal jurisdiction. 
State v. Morales, 869 S.W.2d 941, 945 (Tex. 1994).  However, an equity court possesses a narrow
jurisdictional power to decide a matter regarding a criminal statute:

A civil court has jurisdiction to declare constitutionally invalid and
enjoin the enforcement of a criminal statute only when (1) there is evidence
that the statute at issue is unconstitutionally applied by a rule, policy, or
other noncriminal means subject to a civil court=s equity powers and
irreparable injury to property or personal rights is threatened, or (2) the
enforcement of an unconstitutional statute threatens irreparable injury to
property rights.

 








Id. at 942;
City of Argyle v. Pierce, 258 S.W.3d 674, 681 (Tex. App.CFort
Worth 2008, no pet.).  

Here,
the City=s
ordinances make it unlawful to operate any truck or commercial motor vehicle Aon a
public street in [Forest Hill] without a business destination or point of
business origin within the corporate limits of the city except upon streets
designated as truck routes or commercial delivery routes . . . . without first
obtaining a [City] permit to do so.@  Forest Hill, Tex., Code '' 126-212,
126-216C217,
126-271, 126-273.  Because of the
term Aunlawful,@ and the
authority granted to the City=s police
department to enforce the ordinance, this is a penal ordinance.  Id. ' 126-246;
see Morrow v. Truckload Fireworks, Inc., 230 S.W.3d 232, 237 (Tex. App.CEastland
2006, no pet.) (finding a penal ordinance exists when no ancillary
administrative actions, such as modifying an individual=s
salary, can be taken or threatened by violating the ordinance).

2.  Jurisdiction Over Criminal Statutes Requires
Harm to Property Rights 








Civil
equity courts have no jurisdiction to enjoin the enforcement of criminal
statutes in the absence of irreparable harm to vested property rights.  See Morales, 869 S.W.2d at 943.  Property rights are created and defined by
state law.  Reese v. City of Hunter=s Creek
Vill., 95 S.W.3d 389, 391 (Tex. App.CHouston
[1st Dist.] 2002, no pet.) (citing Stratton v. Austin Indep. Sch. Dist.,
8 S.W.3d 26, 29 (Tex. App.CAustin
1999, no pet.)).  A person=s
property interests include actual ownership of real estate, chattels, and
money.  Id.  Property owners do not have a
constitutionally protected vested right to use real property in any
certain way, without restriction.  City
of La Marque v. Braskey, 216 S.W.3d 861, 862 (Tex. App.CHouston
[1st Dist.] 2007, no pet.) (citing City of Univ. Park v. Benners, 485
S.W.2d 773, 778 (Tex. 1972)); Hang On III, Inc. v. Gregg County, 893
S.W.2d 724, 726 (Tex. App.CTexarkana
1995, writ dism=d by agr.) (holding that
property owner did not have a vested property right in operating a
sexually-oriented business on that property).       

In City
of La Marque, Braskey operated a cat shelter on property she owned within
100 feet of three residences.  216 S.W.3d
at 862.  The City of La Marque passed an
ordinance prohibiting the operation of a kennel within 500 feet of a
dwelling.  Id.  Braskey sought an injunction from the trial
court to prevent the enforcement of the ordinance against her, which she
claimed would result in her facility being closed.  Id. 
Because Braskey=s asserted harm concerned a
particular use of her property, which is not a constitutionally protected
vested right, the civil trial court did not have jurisdiction to hear Braskey=s
lawsuit.  Id. at 864.  








Destructors
attempts to distinguish the present case from City of La Marque by
arguing its holding only applies to zoning ordinances, not traffic
ordinances.  However, Destructors cites
no authority for its argument and we see no reason the two types of ordinances
should be treated differently in this instance. 
Similar to Braskey=s claim in City of La Marque,
Destructors= pleaded injury relates only to
the particular use of the leased property, as a concrete recycling plant, not
the right to use the property.  Such an
allegation is not a threat of an irreparable injury to a vested property right
as is required to grant the trial court subject-matter jurisdiction.  See Morales, 869 S.W.2d at 945, n.8; City
of LaMarque, 216 S.W.3d at 864. 








Citing Passel
v. Fort Worth Indep. Sch. Dist., Destructors contends that the trial court
has jurisdiction to protect its personal rights[5]
from the ordinance=s unconstitutional application.
 440 S.W.2d 61 (Tex. 1969).  In Passel, injunctive relief was
sought solely to protect personal rightsCthe
right of free and private associationCby
preventing administrative enforcement of an administrative regulation adopted
for the purpose of implementing a statute. 
Id. at 64.  In Morales,
the Texas Supreme Court clarified its holding in Passel, stating that a
trial court may have subject-matter jurisdiction and grant an injunction to
protect personal property rights when a plaintiff complains about a rule and
does not seek a naked declaration of a penal statute=s
unconstitutionality.  869 S.W.2d at
946.  Here, Destructors is not attempting
to prevent enforcement of an administrative regulation or rule; rather it is
seeking a naked declaration of a penal ordinance=s unconstitutionality.  A personal right cannot uniformly be
substituted for a property right and thereby expand a civil court=s equity
jurisdiction over criminal statutes or ordinances.  See id.

3.  Jurisdiction Requires the Ordinance to
Operate Against Destructors

Destructors
alternatively argues that the trial court has jurisdiction because it will
never be prosecuted under the City=s
ordinance and has no ability to challenge the ordinance in criminal court.  Destructors cites City of Austin v. Austin
City Cemetery Ass=n for the
proposition that there are cases in which there is no pending or anticipated
prosecution, but that a civil court can grant an injured party an injunction to
prevent the enforcement of a penal ordinance. 
28 S.W. 528 (Tex. 1894)  However,
in City of Austin, the challenged ordinance operated against both a
business and its customers.  Id.  Here, the City=s
ordinance does not ban the possession or transportation of concrete or asphalt
or make Destructors liable for any customer transporting materials to or from
Destructors= plant without a city
permit.  Moreover, as Destructors admits,
the ordinance cannot be enforced against it because the plant is not in the
City=s limits
and because Destructors neither owns nor hires trucks to transport the
materials.  If a party faces no
prosecution under a challenged ordinance, the ordinance has no in terrorem effect.  Morales, 869 S.W.2d at 944, n.7.  Because the ordinance in this case cannot be
enforced against Destructors, City of Austin does not apply.   

 








4.  Destructors Failed To Establish Jurisdiction

Construing
the pleadings liberally in favor of Destructors, it failed to establish the
civil equity court=s subject-matter jurisdiction
because it did not identify an irreparable injury to vested property
rights.  Destructors= first
and fourth issues are overruled.

Because
we conclude that the trial court lacked jurisdiction absent irreparable injury
to vested property rights, we need not address Destructors= second
issue that no administrative procedures exist for Destructors to follow before
filing suit against the City.  See
Tex. R. App. P. 47.1.  And, because civil
equity courts have no jurisdiction to enjoin the enforcement of criminal
statutes in the absence of irreparable harm to vested property rights, we do
not reach Destructors= third issue that the City=s
ordinance is preempted by Texas law and unconstitutional under the state and
federal constitutions.  See id.;
Morales, 869 S.W.2d at 943; City of Houston v. Guthrie, No.
01-08-00712-CV, 2009 WL 5174258, at *13B14 (Tex.
App.CHouston
[1st Dist.] 2009, no pet.) (holding that because a lessee=s rights
do not exceed those of the property owners, lessees did not have a constitutionally
protected right to use the property in any certain way, without restriction,
and could not establish the threat of an irreparable harm to a vested property
interest).   

 

 








IV.  CONCLUSION

Accordingly,
we affirm the trial court=s order granting the City=s plea
to the jurisdiction.

 

 

ANNE GARDNER

JUSTICE

 

PANEL:  GARDNER, WALKER, and
MCCOY, JJ.

 

DELIVERED: May 13, 2010

 

 











[1]See Tex. R. App. P. 47.4.





[2]The ordinance defines a
commercial motor vehicle as Aany motor vehicle designed or used for the
transportation of property, not including a passenger bus, passenger
automobile, motorcycle, panel delivery truck, or pickup truck.@ Forest Hill, Tex.,
Code ' 126-211.





[3]The City=s eastern boundary is the
eastern edge of the right-of-way of Anglin Drive. 





[4]In its second amended
pleading, Destructors does not indicate the approximate weight of vehicles
using Anglin Drive to pick up crushed asphalt and concrete from the facility.





[5]Destructors does not
identify or explain the personal rights needing protection.