

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-15-00379-CV

CITY OF JUSTIN                                                                        APPELLANT

V.

RONALD WESOLAK                                                                 APPELLEE

----------

### FROM THE 158TH DISTRICT COURT OF DENTON COUNTY
### TRIAL COURT NO. 15-10032-158

----------

## MEMORANDUM OPINION[1]

----------

### I. INTRODUCTION

Appellant the City of Justin perfected this interlocutory appeal from the trial court's denial of the City's plea to the jurisdiction. For the reasons set forth below, we hold that the trial court erred by denying the City's plea to the jurisdiction. Accordingly, we will reverse the trial court's order and render

----

[1]See Tex. R. App. P. 47.4.

judgment granting the City's plea to the jurisdiction and dismissing Appellee Ronald Wesolak's claims.

## II. BACKGROUND

Wesolak owns two adjoining tracts of land in the City, and he built a fence that crossed both tracts. According to the facts alleged in Wesolak's petition, he began the process of building the fence in April 2015. He alleges that he ran into numerous "hassles" with the City regarding the construction of the fence.[2] Wesolak claims that the City originally told him that his proposed fence violated a specific deed restriction and told him that he needed to replat his two tracts into a single tract. When he submitted his proposed replat to the City, however, the City then told him that he needed to amend his replat to include certain language that, according to Wesolak, prevented a fence from being constructed on his property. Ultimately, Wesolak moved forward with construction of the fence despite the City's opposition. Once the fence was completed, the City issued eight citations to Wesolak for violating section 12.1004 of the City's ordinances.[3] See Justin, Tex., Code of Ordinances § 12.1004 (2014) (placing certain restrictions on where accessory buildings can be located on a property).

---

[2]Wesolak contends that the City's mayor is his neighbor and is the driving force behind the City's actions with regard to the fence.

[3]The eight citations issued by the City were subsequently amended to allege a violation of a different City ordinance, and Wesolak entered pleas of no contest to the amended complaints and was fined $6,528.

After the citations were issued against him, Wesolak filed suit against the City. Wesolak sought a declaratory judgment that the City: (1) erroneously applied section 12.1004 to his fence; (2) erroneously assessed citations against him under the City's ordinances; (3) erroneously classified his fence as an "accessory building" under section 12.1004; (4) erroneously enforced private deed restrictions against him; (5) is prohibited from asserting his fence is built against any ordinance, private easements, or deed restrictions; and (6) is not entitled to assess any fees, fines, or penalties against him arising from his fence. Wesolak also brought a takings claim against the City, alleging that the City's actions amounted to a taking of his property without due process.

### III. WHETHER SERVICE WAS REQUIRED ON THE ATTORNEY GENERAL

In its second issue,[4] the City argues that this case should be dismissed for want of jurisdiction because Wesolak failed to serve the attorney general with his lawsuit.

### A. The Law

Section 37.006(b) of the civil practice and remedies code requires that the attorney general be served with any proceeding in which a "statute, ordinance, or franchise is alleged to be unconstitutional . . . ." Tex. Civ. Prac. & Rem. Code

---

[4]While its "Issues Presented" section contains just one issue, the City discusses two separate issues in its brief: whether Wesolak failed to establish a waiver of governmental immunity and whether Wesolak was required to serve the attorney general. Wesolak responds to the City's brief as if it raised two separately enumerated issues, and for ease of discussion, we do the same.

Ann. 37.006(b) (West 2015). However, when neither party challenges the constitutionality of a statute, ordinance, or franchise, the attorney general does not have to be served with a copy of the pleadings; the failure to serve the attorney general under such circumstances will not, therefore, deprive a trial court of jurisdiction. *Scurlock Permian Corp. v. Brazos Cty.*, 869 S.W.2d 478, 483 (Tex. App.—Houston [1st Dist.] 1993, writ denied); *City of Willow Park v. Bryant*, 763 S.W.2d 506, 508 (Tex. App.—Fort Worth 1988, no writ).

### B. Application of the Law to the Facts

Wesolak's petition does not allege that any statute, ordinance, or franchise is unconstitutional. Rather, he contends that the City misconstrued its ordinances when it issued the citations against him. Wesolak's counsel made this distinction clear at the hearing on the City's plea to the jurisdiction when he stated, "I'm not seeking to declare the ordinance unconstitutional. I'm seeking to say that my client's fence is not a building . . . ." Because Wesolak does not allege that any statute, ordinance, or franchise is unconstitutional or seek such declaration from the trial court, service on the attorney general was not required. *See Scurlock*, 869 S.W.2d at 483; *Bryant*, 763 S.W.2d at 508. We overrule the City's second issue.

### IV. THE CITY'S PLEA TO THE JURISDICTION

In its first issue, the City argues that the trial court erred by denying its plea to the jurisdiction because Wesolak failed to meet his burden of alleging facts that affirmatively demonstrated the trial court's jurisdiction.

4

## A. Standard of Review

A plea to the jurisdiction is a dilatory plea that seeks dismissal of a case for lack of subject matter jurisdiction. *Harris Cty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004). A plea to the jurisdiction may be utilized to challenge whether the plaintiff has met its burden of alleging jurisdictional facts or to challenge the existence of jurisdictional facts. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226–27 (Tex. 2004). We review de novo a trial court's ruling on a plea to the jurisdiction. *Id.* at 228.

When a plea to the jurisdiction challenges the pleadings, we determine whether the plaintiff has met its burden of alleging facts that affirmatively demonstrate that the trial court has subject matter jurisdiction. *City of Keller v. Hall*, 433 S.W.3d 708, 712–13 (Tex. App.—Fort Worth 2014, pet. denied). We construe the pleadings liberally in favor of the plaintiff, accept all factual allegations as true, and look to the plaintiff's intent. *Heckman v. Williamson Cty.*, 369 S.W.3d 137, 150 (Tex. 2012). If the pleadings do not contain sufficient facts to affirmatively demonstrate the trial court's jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency, and the plaintiff should be afforded an opportunity to amend. *Miranda*, 133 S.W.3d at 226–27. If, however, the pleadings affirmatively negate the existence of jurisdiction, a plea to the jurisdiction may be granted without allowing the plaintiff an opportunity to amend. *Id.* at 227.

5

## B. Wesolak's Declaratory Judgment Claim

### 1. The Law Regarding Governmental Immunity for Declaratory Judgment Claims

Sovereign immunity deprives a trial court of jurisdiction for lawsuits in which the State or certain governmental units have been sued unless the State consents to suit. *Miranda*, 133 S.W.3d at 224. Political subdivisions of the state, including cities, are entitled to such immunity—referred to as "governmental immunity"—unless it has been waived. *Reata Constr. Corp. v. City of Dallas*, 197 S.W.3d 371, 374 (Tex. 2006); *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694 n.3 (Tex. 2003). The Uniform Declaratory Judgments Act (UDJA) provides a limited waiver of governmental immunity for only certain declaratory judgment claims that challenge the validity of a statute, ordinance, contract, or franchise. *City of New Braunfels v. Carowest Land, Ltd.*, 432 S.W.3d 501, 530 (Tex. App.—Austin 2014, no pet.).

"[T]he UDJA does not waive the state's sovereign immunity when the plaintiff seeks a declaration of his or her rights under a statute or other law." *Tex. Dep't of Transp. v. Sefzik*, 355 S.W.3d 618, 620 (Tex. 2011). It is not enough for a litigant to challenge the actions of a governmental entity under a statute, ordinance, contract, or franchise; the validity of the statute, ordinance, contract, or franchise itself must be challenged for governmental immunity to be waived. *See id.* at 622 ("But Sefzik is not challenging the validity of a statute; instead, he is challenging the TxDOT's actions under it, and he does not direct us to any

6

provision of the UDJA that expressly waives immunity for his claim."). Although suits seeking to require state officials to comply with ordinances or statutory provisions are not prohibited by sovereign immunity, such suits must be brought against the governmental official—alleging that the official acted without legal authority or failed to perform a purely ministerial act. *City of El Paso v. Heinrich*, 284 S.W.3d 366, 372–73 (Tex. 2009) (holding that suits alleging *ultra vires* actions by government officials "cannot be brought against the state, which retains immunity, but must be brought against the state actors in their official capacity" and explaining that "[t]his is true even though the suit is, for all practical purposes, against the state"); *see also Sefzik*, 355 S.W.3d at 620 (recognizing that proper defendant in *ultra vires* suit is official "whose acts or omissions allegedly trampled on the plaintiff's rights, not the state agency itself").

### 2. Application of the Law to the Facts

Here, Wesolak's petition seeks declarations concerning the City's actions with respect to his fence under its ordinances and declarations concerning his rights with respect to his fence and the City's ordinances; Wesolak's petition does not challenge the validity of any statute, ordinance, contract, or franchise itself. Thus, although the UDJA waives immunity for claims challenging the validity of ordinances or statutes, taking all facts pleaded by Wesolak as true, his claims do not fall within the scope of the UDJA's waiver of immunity. *See* Tex. Civ. Prac. & Rem. Code Ann. § 37.006(b); *Sefzik*, 355 S.W.3d at 620, 622; *see also City of McKinney v. Hank's Rest. Group, L.P.*, 412 S.W.3d 102, 112 (Tex.

App.—Dallas 2013, no pet.) ("The [UDJA] does not waive immunity against claims seeking a declaration of the claimant's statutory rights or an interpretation of an ordinance. . . . The [UDJA] also does not waive a governmental entity's immunity against a claim that government actors have violated the law."). Nor did Wesolak sue any state or governmental official alleging a claim under the *ultra vires* exception to immunity.[5] The trial court therefore lacked jurisdiction to hear Wesolak's claims under the UDJA and his petition not only fails to plead

---

[5]Nor could Wesolak sue the City's officials in this suit under the UDJA for declaratory relief that the officials acted without authority under the City's ordinance because the ordinance is a penal ordinance. *See* Justin, Tex., Code of Ordinances § 12.2100 (2014) (providing that violators of the City's ordinances "shall for each and every violation or noncompliance be deemed guilty of a misdemeanor and shall be fined not more than two thousand dollars"). The meaning of a penal ordinance and a determination of whether it is enforceable against a particular citizen should ordinarily be determined by courts exercising criminal jurisdiction over the alleged violation. *State v. Morales*, 869 S.W.2d 941, 945 (Tex. 1994); *City of La Marque v. Braskey*, 216 S.W.3d 861, 863 (Tex. App.—Houston [1st Dist.] 2007, pet. denied). A civil court simply has no jurisdiction to render naked declarations of rights, status, or other legal relationships arising under a penal ordinance. *Morales*, 869 S.W.2d at 947; *Consumer Serv. All. of Tex., Inc. v. City of Dallas*, 433 S.W.3d 796, 809 (Tex. App.—Dallas 2014, no pet.). Thus, the trial court also lacked jurisdiction— separate and apart from the City's governmental immunity—over the declarations sought concerning Wesolak's status and the City's actions under the City's penal ordinance. *See Morales*, 869 S.W.2d at 945, 947; *Braskey*, 216 S.W.3d at 863; *Consumer Serv. All. of Tex.*, 433 S.W.3d at 809. Accordingly, Wesolak is not entitled to the opportunity to replead his UDJA claims. See *Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007) (holding that a remand to permit claimant to replead would serve no legitimate purpose when immunity could not be overcome). And, indeed, Wesolak did not pray for the opportunity to replead. *See Tex. Transp. Comm. v. City of Jersey Village*, 478 S.W.3d 869, 883 (Tex. App.—Houston [14th Dist.] 2015, pet. filed) (Frost, C.J., concurring) (explaining failure to plead *ultra vires* cause of action against officers or request opportunity to replead required trial court to grant plea to the jurisdiction).

facts establishing jurisdiction but also affirmatively demonstrates that his declaratory judgment claims are barred by governmental immunity. *See Sefzik*, 355 S.W.3d at 622; *Miranda*, 133 S.W.3d at 224; *see also Boll v. Cameron Appraisal Dist.*, 445 S.W.3d 397, 400 (Tex. App.—Corpus Christi 2013, no pet.) (holding trial court lacked jurisdiction over UDJA claims that did not challenge the validity of statute but only challenged appraisal district's actions under statute and holding that, because appraisal district officials were not sued, petition negated existence of jurisdiction over such claims). We sustain the City's first issue with respect to Wesolak's declaratory judgment claims.

### C. Wesolak's Takings Claim

### 1. Governmental Immunity for Takings Claims

Governmental immunity is waived for valid takings claims. *El Dorado Land Co. v. City of McKinney*, 395 S.W.3d 798, 801 (Tex. 2013); *City of Dallas v. VRC LLC*, 260 S.W.3d 60, 64 (Tex. App.—Dallas 2008, no pet.). A takings claim is rooted in the takings clause of the Texas Constitution—article I, section 17—which provides, in pertinent part, that "[n]o person's property shall be taken, damaged, or destroyed for or applied to public use without adequate compensation being made, unless by the consent of such person." Tex. Const. art. I, § 17. When a plaintiff fails to allege a valid takings claim, governmental immunity continues to apply, and a trial court is without subject matter jurisdiction. *Bell v. City of Dallas*, 146 S.W.3d 819, 825 (Tex. App.—Dallas 2004,

9

no pet.); *Dahl ex rel. Dahl v. State*, 92 S.W.3d 856, 862 (Tex. App.—Houston [14th Dist.] 2002, no pet.).

To plead a valid takings claim, a plaintiff must plead that the governmental entity: (1) intentionally performed certain acts in the exercise of lawful authority; (2) that such acts resulted in taking, damaging, or destroying the plaintiff's property; and (3) the taking was for public use. *Gen. Servs. Comm'n v. Little–Tex Insulation Co.*, 39 S.W.3d 591, 598 (Tex. 2001). The intent element is closely tied to the public use element. *See City of Dallas v. Jennings*, 142 S.W.3d 310, 313–14 (Tex. 2004) (discussing link between intent element and public use element); *Harris Cty. Flood Control Dist. v. Kerr*, 445 S.W.3d 242, 254 (Tex. App.—Houston [1st Dist.] 2013) (same), *aff'd,* No. 13-0303, 2015 WL 3641517 (Tex. June 12, 2015). A governmental entity acts intentionally if it (1) knows that the specific act is causing identifiable harm or (2) knows that the specific harm is substantially certain to result from authorized government action—that is, that the harm is necessarily incident to, or necessarily a consequential result of the government's actions. *Jennings*, 142 S.W.3d at 314.

## 2. Application of the Law to the Facts

Wesolak's petition sets forth a paragraph titled, "Texas Constitutional Takings Claim." This paragraph alleges that the City's actions amount to a taking of private property without due process. But Wesolak's takings-claim paragraph fails to allege that the City intentionally performed certain acts in the exercise of lawful authority or that the City's alleged taking was for public use. *See, e.g.,*

10

*City of Austin v. Liberty Mut. Ins.*, 431 S.W.3d 817, 827 (Tex. App.—Austin 2014, no pet.) (discussing public use element of takings claim); *City of Carrollton v. Hamrla*, No. 02-15-00119-CV, 2016 WL 93031, at *3 (Tex. App.—Fort Worth Jan. 7, 2016, pet. struck) (reversing trial court's denial of city's plea to the jurisdiction on takings claim based on plaintiff's failure to plead facts supporting intent and public use elements of takings claim).  To the contrary, Wesolak contends that the City was acting outside of its lawful authority and that the City's taking led to a private—i.e., not public—easement being imposed on his land.

Thus, even construing Wesolak's pleading liberally in his favor, his petition not only fails to plead facts establishing jurisdiction but also affirmatively demonstrates that his takings claim is barred by governmental immunity.  *See Miranda*, 133 S.W.3d at 227 (holding if pleadings affirmatively negate the existence of jurisdiction a plea may be granted without allowing plaintiff opportunity to amend); *Bell*, 146 S.W.3d at 825 (holding that the trial court properly granted the City of Dallas's motion to dismiss when the plaintiffs failed to plead a valid takings claim); *see also City of Carrollton*, 02-15-00119-CV, 2016 WL 93031, at *4.  Accordingly, we sustain the City's first issue with respect to Wesolak's takings claim.

## V. CONCLUSION

Having overruled the City's second issue, but having sustained the City's first issue, we reverse the trial court's judgment and render judgment granting the City's plea to the jurisdiction and dismissing Wesolak's claims.[6]

/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL:  LIVINGSTON, C.J.; WALKER and MEIER, JJ.

DELIVERED:  May 19, 2016

---

[6]Wesolak brought declaratory judgment and takings claims seeking damages and the equitable remedy of injunctive relief.  Because we hold that the trial court lacked subject matter jurisdiction over Wesolak's declaratory judgment and takings claims—the only claims Wesolak asserted—our ruling results in the dismissal of Wesolak's entire lawsuit, including his request for injunctive relief. *See, e.g.*, *Battista v. City of Alpine*, 345 S.W.3d 769, 776 (Tex. App.—El Paso 2011, no pet.) ("An injunction is an equitable remedy, not a cause of action. . . . A party's right to such relief is dependent on that party's ability to establish a probable right of recovery through another claim or cause of action."); *Yalamanchili v. Mousa*, 316 S.W.3d 33, 39 (Tex. App.—Houston [14th Dist.] 2010, pet. denied) (holding "a request for a permanent injunction is not a separate claim but merely an item of equitable relief. . . . The only two claims in the petition are for nuisance and trespass, and Mousa moved for and was granted summary judgment on both of these claims.  Therefore, the trial court did not err in granting a final summary judgment."); *Brittingham v. Ayala*, 995 S.W.2d 199, 201 (Tex. App.—San Antonio 1999, pet. denied) ("An injunction is an equitable remedy, not a cause of action. . . . To obtain an injunction, a party must prove a probable right of recovery through a claim or cause of action.").

12